**Martha L. KING (Distribution Clerk, U. S. Post Office Dept.), Plaintiff,**

v.

**Robert E. HAMPTON et al., Defendants.**

**No. 70 C 169(3).**

United States District Court, E. D. Missouri, E. D.

April 22, 1971.

Raymond Howard, Jr., St. Louis, Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

WEBSTER, District Judge.

In this action plaintiff seeks a review of the administrative procedure by which she was discharged from her employment as a distribution clerk substitute by the Post Office Department in St. Louis, Missouri. Plaintiff claims procedural violations of 5 U.S.C. § 554 and § 556 and Title 5 C.F.R. 752.202. The matter is before the Court on defendants' motion for summary judgment based upon the record before the Board of Appeals and Review of the Civil Service Commission.

The scope of this Court's review is set forth in 5 U.S.C. § 706:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall * * *

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be * * *

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

■■ Selection or tenure of an employee is recognized as a matter of supervisory discretion and not ordinarily subject to judicial review. By 5 U.S.C. § 554(a) (2) such matters are excluded from the hearing procedures specified where agency hearings are required by statute. See also Gnotta v. United States, 415 F.2d 1271 (8 Cir. 1969). The scope of review under Section 706 is generally held to be limited to whether the administrative record demonstrates substantial compliance with the required procedures and supports with substantial evidence the factual determinations. Vigil v. Post Office Department of the United States, 406 F.2d 921 (10th Cir. 1969); Taylor v. United States Civil Service Commission, 374 F.2d 466 (9th Cir. 1967).

It is clear from the record that the procedural requirements applicable to plaintiff's case have been complied with. Her discharge was initiated by the Postmaster by letter of October 30, 1968 and supplemental letter of November 13, 1968, which specifically set out the charges upon which the discharge was based. Plaintiff had full and adequate notice of the nature of the acts complained of, affording her opportunity to deny or refute the charges and defend against the proposed adverse action. The notice advised plaintiff that she could answer in writing or personally, or both, and described how to make an appointment if she wished to reply in person.

The Postal Manual procedures and the Regulations, 5 C.F.R. 752.202, do not require a formal hearing with examination of witnesses. They simply provide that the employee shall be entitled to answer in writing, personally, or both, and be given a reasonable opportunity to make whatever representations the employee believes might influence the decision in his favor. Plaintiff, through her attorney, made a written reply denying the charges and requesting a hearing. By letter of November 20, 1968 the Administrative Assistant to the Postmaster advised plaintiff's attorney to telephone so that an appointment with the Postmaster could be scheduled "at a time and date convenient for all concerned." Plaintiff's attorney failed to do so, and later explained his failure on the ground that he knew of no rule which required him to do so. The Postmaster rendered his decision to remove plaintiff by letter dated February 4, 1969.

Thereafter, plaintiff appealed to Acting Regional Director of the Post Office Department, and a hearing was held May 3, 1969. Plaintiff was present with her attorney. Through her attorney she refused to offer evidence or answer to the charges. Instead, plaintiff confined her presentation to her contention that she had been deprived of constitutional rights because no hearing with the Postmaster had taken place and also because the Post Office had not specified the rule, law or regulation violated by each of the enumerated charges. Plaintiff's attorney was adamant in his refusal to go into the merits of the charges and chose to rely on the claimed error in procedure. On May 28, 1969, the removal action was sustained by the Acting Regional Director, and his decision was

affirmed in the subsequent appeals of plaintiff to the St. Louis Region of the Civil Service Commission and to the Board of Appeals and Review of the Civil Service Commission.

The Postmaster complied with the adverse action procedure. No action by the Postmaster deprived plaintiff of her opportunity to be heard personally in accordance with the hearing opportunity of 5 C.F.R. 752.202(b). Plaintiff through her attorney chose not to pursue the opportunity. While no brief has been filed in this action on behalf of the plaintiff, it appears that plaintiff's attorney claimed before the agency that the lack of such hearing before the Postmaster and failure to notify plaintiff of the specific laws and rules violated results in a denial of due process.

It is well settled, however, that the constitutional guaranty of due process does not require a particular form of procedure, or a hearing at the initial stage of the proceeding, but only that the requisite hearing be afforded before the administrative action becomes final. Cf. Ewing v. Mytinger & Casselberry, 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088; Inland Empire Dist. Council, Lumber and Sawmill Workers Union, Lewiston, Idaho v. Millis, 325 U.S. 697, 65 S.Ct. 1316, 89 L.Ed. 1877; Swift & Co. v. United States, 7 Cir., 393 F.2d 247.

In this case plaintiff received adequate notice of the charges, an opportunity to be heard before the Postmaster, and further opportunity to be heard before the Acting Regional Director on the merits of the charges. The latter hearing, in fact, took place. Furthermore, any procedural defects were subject to correction by review on appeal before the Civil Service Commission. Under the circumstances, there was no denial by the agencies of constitutional due process.

The Court has examined the record before the Board of Appeals and Review of the Civil Service Commission, and finds that the statutory and regulatory procedures have been complied with, and that the determination of the factual issues are substantially supported by the record. The Court finds that there is no genuine issue as to any material fact and defendants are entitled to judgment as a matter of law.

Accordingly, the motion of defendants for summary judgment will be granted.