**Martha L. KING, Appellant,**

v.

**Robert E. HAMPTON et al., Appellee.**

No. 71–1325.

United States Court of Appeals, Eighth Circuit.

Nov. 24, 1971.

Raymond Howard, St. Louis, Mo., on brief for appellant.

Daniel Bartlett, U. S. Atty., and David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge. *

PER CURIAM.

This is an appeal by the plaintiff from a summary judgment in favor of the defendants, United States Civil Service Commissioners and the Postmaster General, affirming the dismissal of the plaintiff from the Postal Service. The facts are not in dispute.

By letters dated October 30, 1968, and November 13, 1968, the plaintiff was notified by the Postmaster of St. Louis that disciplinary action, including the possibility of termination of employment, was contemplated because of her unsatisfactory work performance. Numerous factual charges were cited, including extensive absences from work. The letters also informed her that she had the right to reply to the charges either in writing or in person, and if in person, she had the right to be accompanied by a personal representative. Appellant's attorney replied by letter November 9, 1968, denying the charges and requesting a hearing. On November 20, 1968, the Administrative Assistant to the Postmaster sent appellant's attorney a letter asking him to call and schedule

* United States Senior District Judge, District of Nebraska, sitting by designation.

an appointment "at a time and place convenient for all concerned." No further action was taken by either appellant or her attorney, and on February 4, 1969, the Postmaster notified the appellant that she was discharged and the reasons therefor, these being the charges of which she had previously been notified.

Appellant appealed this discharge to the Acting Regional Director of the Post Office Department, and she was notified that a hearing would be held on May 2, 1969, at which time she would be permitted to answer the charges and offer evidence. Appellant and her attorney appeared at this hearing but refused to participate in any inquiry as to the merits of the charges, contending that the appellant had been denied procedural due process because: (1) the Postmaster had discharged her without a hearing, and (2) the notification of charges against her was defective in that it failed to specify specific regulations in the Postal Service Manual which her conduct violated.

Subsequently, appellant's discharge was affirmed by the Civil Service Commission, and the instant action was filed, seeking review of that decision. The only issues raised in the trial court and on appeal are the two mentioned above. The trial court, in granting the motion for summary judgment in favor of the defendants, held that under the above facts the appellant had not been denied due process. Judge Webster's published opinion may be found in 327 F.Supp. 714 (E.D.Mo.1971).

 There is no merit to either of appellant's contentions. As to the issue of the failure of the Postmaster to accord her a hearing prior to discharge, appellant contends that despite her attorney's failure to reply to the invitation to schedule an interview, the Postmaster was under a duty to schedule a hearing since appellant had notified him that she desired one. She relies upon 5 U.S.C. § 554(b), and Article X, ¶G(2)(a) of the Agreement between the Post Office Department and appellant's union. As to the statutory argument, it is sufficient to point out that 5 U.S.C. § 554(a)(2) exempts the "selection or tenure of an employee" from the requirements of § 554(b). See Gnotta v. United States, 8 Cir., 415 F.2d 1271, 1276 (1969). Reliance on the contractual provision is equally misplaced in this case. The specific contract provision referred to clearly provides for a hearing only if requested by an *"appellant* or his designated representative." Article X, ¶B(3) defines an appellant as "an employee who is appealing an adverse decision which has been taken against him." In other words, under the terms of the agreement, appellant was not entitled to a mandatory hearing until after the adverse action (in this case, the discharge) was taken. This mandatory hearing was in fact scheduled and held on May 2, 1969, at which time appellant refused to present any evidence relative to the merits of the charges. Under these circumstances, it would appear that appellant has waived her right to a hearing under the contract.

The contract provision relied upon by appellant for the proposition that she did not receive adequate notification of the charges against her, Article X, ¶C of the agreement provides as follows:

"Whenever it is proposed to take adverse action against an employee the responsible official must determine that it is for such cause as will promote the efficiency of the service. The letter of proposed adverse actions must state specifically and in detail the reasons for the action thereby affording the employee a fair opportunity of offering refutation to the charges."

 The letter sent to appellant notified her that the charges were: (1) failure to meet the requirements of the job due to irregular attendance, citing 47 specific dates of absence allegedly due to illness between January 10, 1968, and October 18, 1968; (2) absences without leave on three specific dates; (3) failure to reply to two "official communications." The letter also stated

that in considering her case other specific instances in her "work record" would be taken into account, setting those instances out in detail. Despite the specific nature of these charges, appellant contends that the notification is deficient because it does not specify which sections of the Postal Service Manual were violated. This contention is frivolous. The agreement relied on by appellant does not require that discharges must be only for violations of regulations set out in the Postal Service Manual, and indeed appellant does not even apprise us of the relevance of the Postal Service Manual to this dispute. The agreement requires only that a discharge be "for such cause as will promote the efficiency of the service." Clearly the notice provisions of the agreement require that sufficiently specific factual information be given the employee to enable him to make explanation of his conduct or offer evidence to refute the charges. The notice in question met these standards, and appellant chose not to offer any substantive defense in her own behalf. There is no question that the action taken was warranted by the charges made.

The judgment is affirmed.