**James O. CLARK, Plaintiff,**

v.

**U. S. CIVIL SERVICE COMMISSION, C. V. Jels, Regional Postmaster, U. S. Postal Service, successor to U. S. Post Office, Defendants.**

**Civ. No. 1668.**

United States District Court,
E. D. Kentucky,
Covington Division.

Aug. 2, 1973.

Stephen W. Young, Cincinnati, Ohio, A. J. Jolly, Newport, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., Moss Noble, Asst. U. S. Atty., Lexington, Ky., for defendants.

**MEMORANDUM**

SWINFORD, District Judge.

This is an appeal from a decision by the U. S. Civil Service Commission sustaining the removal of plaintiff from his position as Postmaster of Newport, Kentucky. On July 28, 1970, Clark was charged with,

> "mistreatment of mail matter in that on May 27, 1970, you ordered the destruction of approximately 2400 bulk rate post cards mailed . . . by the Snyder-for-Congress Committee. The mail was disposed of along with a

quantity of undeliverable mail and none has been recovered." Record at page 3.

This action was commenced following successive appeals to the Postal Service Regional Director, the Assistant Postmaster General, the Regional Director of the Civil Service ·Commission, and the Civil Service Commission Board of Appeals and Review. These administrative affirmances were based in part upon two hearings at which plaintiff was represented by counsel. There is no allegation that Clark was denied any procedural right; rather, the complaint argues that the action sustaining his removal was arbitrary, capricious, and lacking substantial evidence. The parties have filed motions for summary judgment and the record is before the court for decision.

██ A threshold issue concerns the proper scope of review. Plaintiff claims that the agency decision must be set aside if arbitrary, capricious, or unsupported by substantial evidence. The parties agree that portions of the Administrative Procedure Act (hereinafter A.P.A.), 5 U.S.C. § 706, codify the relevant standard of review:

"The reviewing court shall—

   .    .    .    .    .    .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

   .    .    .    .    .    .

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute . . .

   .    .    .    .    .    .

·In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error."

Although conceding the applicability of this statute, the defendants contend that the Sixth Circuit has traditionally held that the reviewing court is limited to insuring compliance with appropriate procedural safeguards. Fass v. Ruegg, 6th Cir., 379 F.2d 216 (1967), and Baum v. Zuckert, 6th Cir., 342 F.2d 145 (1965), do bar judicial inquiry into the merits of an agency decision. However, the procedures reviewed in Fass and Baum preceded the enactment of the A.P.A.; those cases applied the Veterans' Preference Act, 5 U.S.C. § 863 (1964), in affirming the dismissal of civilian employees by the Air Force. The cited opinions are not authority for the proponents of limited review in actions subject to the A.P.A. In Charlton v. United States, 3d Cir., 412 F.2d 390 (1969), the Third Circuit noted the effect of the A.P.A. on judicially formulated standards of review:

"Section 706 spells out the scope of judicial review of a federal agency's action in clear and precise terms and it is controlling and dispositive. It supercedes and makes irrelevant judicially fashioned concepts of the scope of judicial review of a federal agency's action, declared both prior and subsequent to its enactment.

Section 706 is mandatory by its terms and not merely declarative of 'guidelines' with respect to the scope of judicial review . . . ." Id. at 392.

While it would be improper to ignore the express terms of this legislation, the court is not entirely in agreement with plaintiff's assertion that the "substantial evidence" test is controlling. Although this standard has been applied in actions initiated by discharged postal employees, see McClendon v. Blount, 7th Cir., 452 F.2d 381 (1971); Vigil v. Post Office Department of United States, 10th Cir., 406 F.2d 921 (1961); King v. Hampton, E.D.Mo., 327 F.Supp. 714 (1971), at least one court has ruled that the agency decision should be sustained if any rational basis exists for its ac-

tion. Wood v. United States Post Office Department, 7th Cir., 472 F.2d 96 (1973). Immersion into the relative merits and applicability of these tests is unnecessary since the court is satisfied that the Commission decision is supportable under either standard.

The plaintiff contends that the agency's reliance on the summarized testimony of certain witnesses constitutes a departure from the agreed record. Even if this allegation is sustained, there remains sufficient evidence to affirm the administrative action.

The record clearly reveals the Postmaster's responsibility for the destruction of this material. The hearings yielded evidence that Clark stated, "let's get rid of it," when confronted with this mail. Wanda Napier, the plaintiff's secretary, recalled that she heard Clark use this phrase in a telephone conversation with an unknown individual. Record at page 128. James L. Merling, Assistant Superintendent of Mails at the Newport Post Office, testified by deposition that Clark had said, "let's get rid of it," when questioned as to the proper disposition of the campaign mail. Record at page 41. Merling added that this instruction was interpreted as directing the destruction of the cards.

Clark admits the issuance of such directions, but claims that this phrase connotes a specialized meaning when used by a Newport postal employee. Evidence was introduced which tended to prove that the declaration, "let's get rid of it," refers to the expediting of mail rather than its destruction. Rebutting this argument are Clark's own admissions. By affidavit dated June 22, 1970, the Postmaster stated that he ordered the disposal of this mail. Although plaintiff contended at the hearing that the disclosures in the affidavit were fabricated to protect his subordinates, there is no suggestion that the statement was procured through threat or coercion. It is apparent that the agency, presented with two contradictory revelations made under oath, chose to believe that occurring nearest in time to the wrongful acts.

It is also alleged that there is no proof that this mail was actually destroyed. Apart from the legitimate inferences flowing from the unequivocal evidence of Clark's orders, the testimony of Post Office Custodian Carl Porter indicates that on May 27, 1970, he destroyed a "quantity of Congressman Snyder's mail." Record at page 124.

The displacement of the Commission's decision in the face of such conclusive evidence would be highly improper. The court is convinced that the proof clearly establishes Clark's responsibility for the acts charged. An order will be entered sustaining the defendants' motion for summary judgment and dismissing the complaint.