**Robert SALADINO, on behalf of himself and all others similarly situated**

v.

**FEDERAL PRISON INDUSTRIES et al.**

Civ. No. N–74–30.

United States District Court,
D. Connecticut.

Dec. 8, 1975.

William H. Clendenen, Jr., David M. Lesser, Clendenen & Lesser, New Haven, Conn., for plaintiff.

Peter C. Dorsey, U. S. Atty., Peter Mear, Asst. U. S. Atty., New Haven, Conn., for defendants.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

In a three-count complaint, the plaintiff, Robert Saladino, a former federal inmate, claims that: (1) the procedures employed by the defendants to determine his claim for compensation under 18 U. S.C. § 4126 violated his due process rights; (2) the denial of his claim for compensation was arbitrary and lacked a sufficient basis in fact, 5 U.S.C. § 706; and (3) the injuries he suffered while incarcerated are compensable under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

I

The plaintiff alleges that on September 2, 1971, while confined in the Federal Correctional Institution, Danbury, Connecticut, he severely and permanently injured his back while performing a work assignment in the prison laundry. He further contends that, after his transfer to the Federal Community Center in New York City, his back injury was aggravated by the negligence of prison authorities who required him to perform work beyond his physical capabilities. Pursuant to the provisions of 18 U.S.C. § 4126 and the Federal Tort Claims Act, the plaintiff submitted administrative claims for compensation and damages for his injuries. After a lengthy exchange of correspondence and documents between plaintiff's counsel and governmental agencies, the plaintiff's claims were denied by the Accident Compensation Committee. The decisions were affirmed on appeal in 1974 by defendant Carlson, the Director of the Bureau of Prisons. This suit followed and the parties have now filed cross-motions for summary judgment.

II

By virtue of the enactment of 18 U.S. C. § 4126 in 1934, Congress provided for

a system of compensation for prisoners who are injured during the course of their employment in a federal penal institution. *Granade v. United States,* 356 F.2d 837, 839 (2 Cir.), cert. denied, 385 U.S. 1012, 87 S.Ct. 720, 17 L.Ed.2d 549 (1966). The statute, in pertinent part, authorizes the Federal Prison Industries, Inc., to use its funds to pay "under rules and regulations promulgated by the Attorney General, compensation . . . to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution where confined."

▉ The statute itself does not establish guidelines or criteria for the operation of the compensation scheme. However, the rules and regulations promulgated pursuant to the statute, see 28 C. F.R. § 301 *et seq.,* and the Court's telephonic communications with the office of General Counsel and Review of the Bureau of Prisons, disclose that certain procedures for an award of compensation are customarily followed. See also *Thompson v. United States Federal Prison Industries,* 492 F.2d 1082, 1084 (5 Cir. 1974); *Granade v. United States,* supra at 843. The modus operandi is that the injured prison-employee files, within a designated time period, a written claim for compensation at the institutional level. The claim, all relevant medical data, and the report of the prison's Industry Safety Officer are then forwarded to the Accident Compensation Committee in Washington, D. C. The Committee, comprised of a physician, a staff attorney, and a representative from the Federal Prisons Industries, reviews the claim and decides whether the injury is work-related and, if so, the

amount of the award. An adverse ruling may be appealed by the inmate to the Director of the Bureau of Prisons.[1] Judicial review, governed by the arbitrary and capricious standard, is available. Administrative Procedure Act, 5 U.S.C. §§ 701, 706.

### III

The plaintiff's first argument raises the issue whether the Due Process Clause requires that the full panoply of procedural rights be extended to prisoners who seek compensation under § 4126 and the applicable regulations. Cf. 5 U.S.C § 706(2)(B). Neither counsel's nor the Court's research discloses case authority directly on point.

▉ It seems clear to the Court, however, that an inmate who seeks compensation for an industrial injury has an interest in the receipt of benefits under § 4126 which should be safeguarded by procedural due process. Like civilian workmen's compensation laws, the statute was designed to give injured prison workers "a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits." *United States v. Demko,* 385 U.S. 149, 151, 87 S.Ct. 382, 383, 17 L.Ed.2d 258 (1966). The remedy under § 4126 is exclusive and any attempt by an inmate to recover damages in an amount greater than the award of compensation established by the statute and regulations is barred. *Id.; Granade v. United States,* supra; *Byrd v. Warden, Fed. Detention Headquarters, N.Y., N.Y.* 376 F.Supp. 37, 38 (S.D.N.Y.1974). Congress enacted the statute to provide for "the special need of a class of prisoners," *United*

---

1. The regulations, 28 C.F.R. § 301 *et seq.,* do not provide for an appeal to the Director of the Bureau of Prisons. Moreover, since most claims are processed after an inmate is released from prison, the provisions of Bureau of Prisons Policy Statement 2001.6 (1974), which established an administrative review of a prisoner's complaints, are inapplicable. However, the Court is informed that the Director of the Bureau of Prisons will, upon a former inmate's request, consider and rule upon an adverse decision rendered by the Accident Compensation Committee.

*States v. Demko,* supra 385 U.S. at 153, 87 S.Ct. at 385, and an award of compensation is mandatory as to any claim that comes within the terms of the statute and the implementing regulations. *Granade v. United States,* supra at 843. Thus, an eligible inmate has a legitimate claim of entitlement to remuneration for his work-related injuries which is protected by relevant constitutional restraints. Cf. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972); *Goldberg v. Kelly,* 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Moreover, the eligible injured inmate has an important stake in the outcome of any decision rendered by the Accident Compensation Committee. An award of compensation supplements lost wage capacity when the prisoner returns to the economic community, *Thompson v. United States Federal Prison Industries,* supra at 1083, and serves to provide for the health, welfare and financial needs of the former inmate and his dependents at a time when their needs are most critical. Absent such compensation, a claimant may well be "condemned to suffer grievous loss," *Joint Anti-Facist Refugee Committee v. McGrath,* 341 U.S. 123, 168, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring); cf. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which may not be imposed in the absence of basic elements of rudimentary due process. *Cardaropoli v. Norton,* 523 F.2d 990 (2 Cir. 1975).

Having concluded that due process applies in proceedings under § 4126, the question now posed is what process is due. *Morrissey v. Brewer,* supra 408 U.S. at 481, 92 S.Ct. 2593. As stated in *Cardaropoli v. Norton,* supra at 995: "It is now axiomatic that the requisites of procedural due process vary according to the factual contexts of the particular case."

Inherent in the present system of processing claims under § 4126 are many commendable due process procedures. Each claimant is afforded: 1) the assistance of retained counsel; 2) a medical examination; 3) access to pertinent records; 4) a statement of reasons by the decision-maker supporting a denial of benefits; 5) an opportunity for an administrative appeal to the Director of the Bureau of Prisons; and 6) a judicial review pursuant to the provisions of the Administrative Practice Act, 5 U.S. C. § 706.

The only remaining due process issue concerns whether the claimant is entitled to an evidentiary hearing at any stage during the proceedings which lead to a final decision on the merits of the claim. Cf. *Ewing v. Mytinger & Casselberry,* 339 U.S. 594, 599, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); *King v. Hampton,* 327 F.Supp. 714, 717 (E.D.Mo.1971).

[5] In the Court's view, a fair and reasonable procedure should include the availability of an administrative evidentiary hearing at which the inmate with the assistance of retained counsel may personally appear before the decision-maker and be permitted to call witnesses and present documentary evidence. More specifically, an evidentiary hearing should be conducted by the Accident Compensation Committee in Washington, D. C., only upon written request of the claimant or his counsel within 60 days after notice is received that the Committee's initial decision is adverse to the claimant's interests. The hearing should be scheduled at a convenient date and time for all the parties, and the proceedings shall be conducted according to the procedures prescribed by the Administrative Procedure Act, 5 U.S.C. § 556.

This procedure will enable the claimant to review the reasons for the denial of his written claim and, if dissatisfied, to contest the Committee's underlying grounds by offering countervailing evidence on any material factual dispute. In the instant case, for example, the plaintiff strenuously contends his injury was causally connected to his prison employment, while, on the other hand, the

Committee relied on contrary evidence, partially based on hearsay statements of "some other" prisoners contained in the reports of the Safety Officer and the prison laundry's foreman. Thus the reliability and probative worth of the documentary evidence in this case are seriously in question. Under these circumstances, fundamental fairness requires that the plaintiff be given an effective and meaningful opportunity to rebut the evidence against him, *Goldberg v. Kelly*, supra 397 U.S. at 267–268, 90 S.Ct. 1011, and to attempt to convince the Committee to reconsider its findings in the light of his presentation. The Committee, for its part, should welcome any disclosure of further facts in rebuttal which may cast doubt on its preliminary decision. Only by a full evidentiary hearing can these worthy objectives be achieved. In addition, the minutes of the adversary proceeding will provide a complete and adequate record upon which the Director on appeal, and a court on review, can determine the validity of the Committee's action in any particular case.

The additional burden which must be borne by the Accident Compensation Committee is not significant. Most cases, as in civilian workmen's compensation matters, will be processed on the papers as in the past without the necessity of a hearing. Only 99 claims were rejected by the Committee in fiscal 1975, and the Court must assume that, of these, barely a few involved disputed factual issues which would require a hearing to appraise the credibility of witnesses. At oral argument in the case at bar, counsel for the government offered little support for any governmental interest in a summary adjudication of any contested compensation claim; indeed, the Court was informed that the Bureau of Prisons was promulgating hearing procedures for § 4126 claimants.

Moreover, hearing procedures for prison-employee's work-related injury cases will substantially conform to the compensation schemes generally available to persons injured during the course of employment. E. g., Federal Employees' Compensation Act, 5 U.S.C. § 8124; Social Security Act, 42 U.S.C. § 421; Connecticut Workmen's Compensation Act, Conn.Gen.Stat. §§ 31–297, 298. See also *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (garnishment of wages); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L. Ed.2d 90 (1971) (driver's license suspension); *California Human Resources Dept. v. Java*, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971) (unemployment compensation).

## V

The remaining issues raised by the parties' cross-motions for summary judgment concern the plaintiff's request for a judicial review of the denial of plaintiff's claim for compensation (Count II) and the plaintiff's claim that his injuries are compensable under the provisions of the Federal Tort Claims Act (Count III).

In view of the fact that the defendants' denial of plaintiff's application for compensation under § 4126 must be set aside for reasons stated hereinbefore, it is not necessary, at the present time, to decide whether the Committee's denial of the plaintiff's claim was arbitrary, capricious and an abuse of discretion under 5 U.S.C. § 706(2)(A).

■ The plaintiff's final argument is that the United States is liable under the FTCA for any additional damages incurred when he aggravated his original back injury after his transfer to the Community Center in New York City. Controlling authority is to the contrary. See *Thompson v. United States*, 495 F. 2d 192, 193 (5 Cir. 1974); *Byrd v. Warden, Fed. Detention Headquarters, N.Y., N.Y.*, 376 F.Supp. 37, 38–39 (S.D.N.Y. 1974).

## VI

In summary:

1) The plaintiff's motion for summary judgment with respect to Count I is granted;

2) Count II of the plaintiff's complaint is dismissed, without prejudice;

3) The defendants' motion for summary judgment with respect to Count III is granted.