Isaac C. RICE, plaintiff,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 77–451C(4)

United States District Court, E. D. Missouri, E. D.

July 12, 1977.

Isaac C. Rice, pro se.

Wesley D. Wedemeyer, Asst. U. S. Atty., U. S. Dept. of Justice, St. Louis, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendant's motion to dismiss, or in the alternative, for summary judgment. Plaintiff alleges in his complaint that he was illegally removed from the position of Distribution Clerk with the Postal Service because of an off-duty incident. He alleges that there was no evidence to support the charge, that the decision was unreasonable, arbitrary, fraudulent and malicious. He further claims that the Civil Service Commission did not review, on the merits, the absenteeisms on his record, although he raised an issue about them. He also contends that the Commission considered poor performance as a basis for the dismissal, although the same was not listed as a reason in the notice provided to plaintiff.

The scope of this Court's review of the decision to dismiss plaintiff is limited. The merits may not be reviewed herein; the Court may simply determine whether there was substantial compliance with the applicable procedures and statutes and to determine whether there was substantial evidence supporting the factual determinations made. *Cf. Sexton v. Kennedy,* 523 F.2d 1311 (6th Cir. 1975); *Jenkins v. Macy,* 357 F.2d 62 (8th Cir. 1966); *Baum v. Zuckert,* 342 F.2d 145 (6th Cir. 1965); *Seebach v. Cullen,* 338 F.2d 663 (9th Cir. 1964); *McTiernan v. Gronouski,* 337 F.2d 31 (2d Cir. 1964); *King v. Hampton,* 327 F.Supp. 714 (E.D.Mo.1971).

Plaintiff contends that the incident leading to his discharge, the use of an epithet directed at a supervisory official, occurred while plaintiff was off-duty and thus could not support a discharge. On appeal, the Commission stated that

The ultimate test of standard which will be applied to the adverse action taken against appellant [plaintiff] is whether or not it was taken "for such cause as will promote the efficiency of the service" (Civil Service Regulation 752, Section 752.104(a)).

This Court is of the opinion that the construction given by the Commission is not arbitrary, capricious or malicious. Plaintiff's employment record was not good and he had recently been charged with threatening a supervisor. The record supports the finding that plaintiff did use the offensive language without justification. The other issues raised by plaintiff herein are belied by the record. Although plaintiff did verbally contend that his absence record was improper, he had made no attempt to correct the same at the time that the warnings and suspensions were levied.

Accordingly, the Court concludes that the decision is supported by substantial evidence and that the action taken was not arbitrary, capricious or malicious. Moreover, a review of the record establishes that there was compliance with the applicable procedures and statutes. Defendant's motion will be granted.