Dr. Thomas C. STURGEON, Appellant,

v.

FEDERAL PRISON INDUSTRIES, Attorney General, United States of America, Appellees.

No. 79–1361.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1979.

Decided Nov. 13, 1979.

Thomas C. Sturgeon, pro se.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Claimant alleges he was injured while working in the metal chair fabrica-

tion area of Prison Industries at Terre Haute, Indiana, where he was incarcerated prior to his release from Leavenworth Federal Prison on April 19, 1978. On November 9, 1977, claimant filed a claim under the Federal Tort Claims Act. After claimant was informed his sole remedy was under 18 U.S.C. § 4216, he filed a subsequent claim on June 16, 1978, which set out the nature of his injury and request for compensation. On August 3, 1978, the Bureau of Prisons responded that all material concerning the claim was being forwarded to a claims examiner in Washington, D.C.

Thereafter, on August 29, 1978, claimant filed suit in the federal district court claiming he had exhausted all administrative remedies, and that he was entitled to recover under 28 U.S.C. §§ 1346(b), 2671–80 [the Federal Tort Claims Act], and 18 U.S.C. §§ 4126, 4128 [the Federal Prison Industries' Inmate Accident Compensation System]. The government moved to dismiss. By order of December 21, 1978, the district court[1] (a) dismissed that portion of the complaint alleging a claim under the Tort Claims Act, holding that claimant's exclusive remedy was under the Inmate Accident Compensation statutes, and (b) denied the motion to dismiss and for summary judgment regarding the Inmate Accident Compensation claim under 18 U.S.C. § 4126, holding the government had alleged failure by claimant to exhaust his administrative remedies but that the government had failed to establish by the pleadings, stipulations, affidavits, and admissions that no genuine issue existed concerning the truth of that allegation. *Citing* Fed.R.Civ.P. 56(c); *see Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *see also Stifel, Nicolaus & Co. v. Dain, Kalman & Quail, Inc.*, 578 F.2d 1256, 1260 (8th Cir. 1978) (in deciding a motion to dismiss, plaintiff's allegation of exhaustion must be accepted as true). Subsequently, the government filed affidavits, including an affidavit of the hearing examiner which stated that once the claim was referred to her, she twice wrote claimant explaining how he could process his claim.[2] Claimant does not dispute the fact he has failed to process his claim as suggested by the hearing examiner.

January 30, 1979, plaintiff moved for default judgment, and on February 8, 1979, the government renewed its motion for dismissal or summary judgment. By order of April 18, 1979, the district court denied plaintiff's motion and granted the government's motion for summary judgment, dismissing the action for failure to exhaust. The district court emphasized that the dismissal was to allow claimant to exhaust his administrative remedies. A separate judgment dismissing the action without prejudice was entered the same day.

On appeal claimant contends the district court erred in denying his motion for default judgment and by dismissing the complaint.[3] Claimant's exclusive remedy is under 18 U.S.C. § 4126 [*see United States v. Demko*, 385 U.S. 149, 152, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974); *see also Sprouse v. Federal Prison Industries, Inc.*, 480 F.2d 1, 4 (5th Cir.), *cert. denied*, 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973); *Wooten v. United States*, 437 F.2d 79 (5th Cir. 1971); *United States v. Cole*, 376 F.2d 848 (5th Cir. 1967), *rev'g* 249 F.Supp. 7 (N.D.Ga.1965); *Saladino v. Federal Prison Industries*, 404 F.Supp. 1054, 1056 (D.Conn.1975) (and cases cited therein); *Samurine v. United States*, 287 F.Supp. 913, 915 (D.Conn.1967), *aff'd*, 399 F.2d 160 (2d Cir. 1968)], and the district court properly dismissed the claim under the Federal Tort Claims Act.

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. Copies of both letters and return receipts signed by claimant were attached to the affidavit. These show that claimant has been encouraged to bring his claim before the proper authority but has refused to do so.

3. Claimant's brief presents nothing that was not presented to and considered by the district court.

The district court properly dismissed the prisoner accident compensation claim because claimant has failed to exhaust his administrative remedies pursuant to 18 U.S.C. § 4126 and 28 C.F.R. § 301. *See Thompson v. United States, Federal Prison Industries*, 492 F.2d 1082, 1084 (5th Cir. 1974). The dismissal by the district court is affirmed.