**Lester Loviad OWENS, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, UNITED STATES OF AMERICA, Defendants.**

**No. S 80–391.**

United States District Court,
N. D. Indiana,
South Bend Division.

Feb. 23, 1981.

---

Lester Loviad Owens, pro se.

David Ready, U. S. Atty., South Bend, Ind. by Donald P. Moroz, Asst. U. S. Atty., South Bend, Ind., for defendants.

### MEMORANDUM AND ORDER

SHARP, District Judge.

Summary judgment is a procedural devise for disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. *Mintz v. Mathers Fund, Inc.,* 463 F.2d 495 (7th Cir. 1972). It is applicable if the pleadings and proof in form of depositions, affidavits and admissions on file disclose that no real

cause of action exists. *Peoples Outfitting Co., Inc. v. General Electric Credit Corp., Inc.,* 549 F.2d 42 (7th Cir. 1977), *Kirk v. Home Indemnity Co.,* 431 F.2d 554 (7th Cir. 1970).

■ Plaintiff Owens claims he has suffered a physical disability as the result of an accident which occurred while he was working in the kitchen of the Federal Correctional Institute, Milan, Michigan. Such allegations are controlled exclusively by 18 U.S.C. § 4126, the Federal Prison Industries Inmate Accident Compensation System. *Sturgeon v. Federal Prison Industries,* 608 F.2d 1153 (8th Cir. 1979). The Inmate Accident Compensation System set forth in the above noted section has been found to be the exclusive means of recovery for work related injuries allegedly sustained by an inmate of a federal penitentiary.

■ Plaintiff brings this action pursuant to 42 U.S.C. § 1983, a civil action for deprivation of constitutional rights. All rights required to fully implement the constitutional due process mandate and to enhance fairness and factual reliability of claims procedure are incorporated and fulfilled in both 5 U.S.C. §§ 701, 706; and 18 U.S.C. § 4126. *Saladino v. Federal Prison Industries,* 404 F.Supp. 1054 (D.C.Conn.1975). This holding reiterates that 18 U.S.C. § 4126 represents plaintiff's exclusive remedy.

■ Plaintiff's complaint prays for monetary damages as if it were an original cause of action. His remedy under 18 U.S.C. § 4126, 28 C.F.R. § 301, et seq. is however, merely judicial review of the administrative proceeding only. *Thompson v. United States Federal Prison Industries,* 492 F.2d 1082 (5th Cir. 1974).

■ The standard for review of the Commissioner's decision in this case under Administrative Procedures Act is whether or not it was arbitrary or capricious. 5 U.S.C. § 706. The decision is conclusive unless shown to be thus defective. *Thompson, supra,* at 1084.

■ In determining whether the decision was arbitrary or capricious, the reviewing court must determine whether the facts upon which it was based were not supported by the record. A factual certainty is not necessary. *National Citizens Committee for Broadcasting v. F. C. C.,* 555 F.2d 938, 956 (D.C.Cir.1970). If the decision has a rational and substantial basis in evidence, it may not be nullified even though the reviewing court would have reached a different conclusion. *National Labor Relations Board v. Minnesota Mining Manufacturing Co.,* 179 F.2d 323, 326 (8th Cir. 1950).

Plaintiff's complaint does not allege that the Commissioner's decision was arbitrary or capricious, although it is obvious that he disagrees with the decision. The complaint does not specify in what respect the decision or its basis is not supported by the evidence. The claim originally submitted to the agency makes only general and conclusory allegations.

The medical records portion of the record shows that prior to the accident of January 14, 1975 at the Federal Correctional Institution of Milan, Michigan, plaintiff was a chronic complainer to medical services concerning subjective physical ailments. It is worthwhile noting that several weeks prior to the accident of January 14, 1975, plaintiff complained of scars on his face on December 23, 1974. It should also be noted that after the occurrence of plaintiff's work related injury, his "Chronological Record of Medical Care" goes on for some 51 pages.

Plaintiff Owens has been diagnosed as a psychotic individual, having organic brain damage, as well as being delusional. In February 1977, after being diagnosed as schizophrenic, chronic undifferentiated, plaintiff was transferred to the Institution at Oxford, Wisconsin. After a month in that institution, he was transferred to Springfield, Missouri due to what the medical chronology describes as his bizarre behavior. While at Springfield, he continued to have a multitude of subjective complaints concerning his entire body. None of his complaints concerning his back, elbows, legs, headaches, eyesight, etc. were substantiated by objective medical findings.

While at Springfield, plaintiff was given a complete evaluation by Dr. Arthur E. Miller whose examination of March 28, 1977 revealed a healthy, well-nourished negro male near his age of 21, height of 5'11", weight of 170 pounds. His diagnosis revealed probably psychogenic back pain, but none of an orthopedic nature. Dr. Miller's recommendation was psychiatric care.

On June 6, 1977, Dr. L. Richard Webb conducted further medical examination of plaintiff. Dr. Webb speculated there might be an early phase of rheumatoid arthritis and suggested aspirin as the universally accepted first step in treatment. Plaintiff declined any such medication.

Plaintiff was given a psychiatric evaluation on March 18, 1977, by Dr. Charles D. Ottensmeyer who found him to have a passive-aggressive personality. Plaintiff was subject of a psychological evaluation by Dr. Daniel V. Taub, Senior Psychologist at Springfield, almost a year later on February 2, 1978. Dr. Taub found plaintiff's scales for character disorder and schizophrenic thinking above acceptable limits as well as items in the neurotic triad, with hysteria, hypochondriasis and depressive scales being implicated.

Dr. Emry A. Varhely, Chief of Psychology at Springfield, found some organic brain damage in plaintiff from a neuropsychological evaluation made May 9, 1978.

Several further reports were filed by Dr. Ottensmeyer reiterating and confirming plaintiff's various psychiatric and psychological conditions nowhere indicating any possible connection with the work related injury of January 14, 1975.

Plaintiff filed an Inmate Accident Compensation claim form on June 20, 1978. Also filed was the medical evaluation form dated July 3, 1978, signed by Dr. James M. Fraser, Chief of Out-Patient Dept. at Springfield. Dr. Fraser found no impairment, no disability from minor injury of January 14, 1975. This was in addition to a memorandum Dr. Fraser submitted June 28, 1978, which went through plaintiff's history and arrived at some conclusions. The accident of January 14, 1975 was a fall by plaintiff on a wet kitchen floor of the Milan, Michigan Institution. The accident resulted in a small laceration to the chin, two small lacerations on the lower lip, and one laceration on the upper lip.

The Inmate Accident Compensation Committee met on October 12, 1978, and, after considering the medical evaluation performed prior to plaintiff's release from federal confinement which indicated no physical impairment as a result of the accident, denied plaintiff's claim. Plaintiff was advised of this in a letter, October 23, 1978, from Harry Wm. Weller, M. D., Chairman of the Committee.

In accordance with the provisions set forth in Part 301 of Title 28, Code of Federal Regulation, plaintiff Owens has exhausted all appeal rights under the Inmate Accident Compensation Procedures. On March 20, 1979, Harry Wm. Weller, M. D., advised plaintiff that his appeal had been denied as the Committee found no evidence to substantiate his claim of physical impairment.

On April 4, 1979, plaintiff appealed denial to the Associate Commissioner, Federal Prison Industries, Inc. In reviewing plaintiff's appeal of the Committee's determination to uphold denial of his claim, the Associate Commissioner reviewed the following material:

(a) All information considered by the Inmate Accident Compensation Committee in making the initial determination to deny the claim;

(b) All material considered by the Committee on March 15, 1979, at which time it was determined plaintiff's appeal be denied;

(c) Letters from plaintiff, dated April 30, 1979 and May 3, 1979, concerning medical report to be submitted by Dr. Frederick J. Ferlic;

(d) A May 25, 1979 letter to Patricia Hackley, Claims Examiner, from Dr. Frederick J. Ferlic, concerning his April 16, 1979 examination of plaintiff which concluded no physical impairment of any kind.

On May 30, 1979, Mr. David C. Selinek, Associate Commissioner, Federal Prison Industries, Inc., advised plaintiff that his appeal was denied as there were no objective medical findings to support his claim for Inmate Accident Compensation. (See Affidavit of Claims Examiner Hackley).

Having thoroughly reviewed this medical record, the Court finds that the Commissioner's decision was not arbitrary or capricious, is substantially supported by the record and should, therefore, be affirmed. Therefore, the defendant's Motion for Summary Judgment is GRANTED.