**Frankie McCOY, Plaintiff,**

v.

**H.L. CARDAMONE, Inmate Accident Compensation Committee, Defendant.**

**Civ. A. No. 86–2180.**

United States District Court, District of Columbia.

Nov. 6, 1986.

**1144**

Frankie McCoy, pro se.

Paul L. Colby and Royce C. Lamberth, Asst. U.S. Attys., and Joseph E. DiGenova, U.S. Atty., Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

This *pro se* plaintiff has filed what purports to be an action under Section 1983 for injuries he experienced while in F.C.I.—Phoenix, Arizona. Plaintiff has moved for a physical examination and for appointment of counsel. Defendant has moved to dismiss this action, pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3), and (6), or, in the alternative, for summary judgment. After carefully considering these motions, the entire record in this case, and the underlying law, the Court grants defendant's motion to dismiss.

The Court notes that plaintiff's action may not be a § 1983 claim but a mere negligence action. It also notes that plaintiff's complaint does not state whether defendant is sued in her individual or official capacity or both. It is, however, immediately apparent that, whatever the proper characterization, this Court is not the proper venue for plaintiff's complaint.

28 U.S.C. § 1391 establishes venue requirements. If an action is brought solely in diversity, as this would be if only a negligence claim, it may be brought "only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose. 28 U.S.C. § 1391(a). If plaintiff's claim was properly pleaded under § 1983, it could be brought "only in the judicial district where all defendants reside, or in which the claim arose, unless otherwise provided by law." *Id.* at § 1391(b). If defendant is sued in her official capacity, this action could be brought "in any judicial district in which (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action." *Id.* at § 1391(e).

Neither plaintiff nor defendant resides in the District of Columbia. Plaintiff's claim did not arise here but in Phoenix, Arizona. No property is involved in this action. Thus, however plaintiff's complaint is read, the District of Columbia is an improper forum, and defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) must be granted.

The Court is ever mindful of its responsibility to construe *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Lewis v. District of Columbia Department of Corrections,* 533 F.2d 710, 711 (D.C.Cir.1976) (per curiam). It appears, not from plaintiff's complaint but from defendant's motion to dismiss, that plaintiff may not be concerned about the cause of his injuries but the lack of compensation for them. *See, Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss* 14–19. If the Court could read plaintiff's complaint to allege wrongful denial of compensation, venue might be proper but the Court would still have to dismiss the action.

Under 18 U.S.C. § 4126 and its implementing regulations, an inmate who claims compensation is due him because of a work injury while in prison must file an Inmate Claim for Compensation. 28 C.F.R. § 301.5. Plaintiff apparently has filed such a claim. *Defendant's Memorandum of Points and Authorities* at 14. Plaintiff's claim was denied, his petition for reconsideration was denied, and his appeal is now pending. *Id.* at 15. Accordingly, defendant maintains, and plaintiff does not

dispute, that plaintiff has not exhausted his administrative remedies. *Id.* at 15. Thus, plaintiff's action (if indeed it could be read to allege wrongful denial of benefits) is premature and this Court must dismiss it under Fed.R.Civ.P. 12(b)(1). *Sturgeon v. Federal Prison Industries,* 608 F.2d 1153, 1155 (8th Cir.1979) (motion to dismiss proper when inmate failed to exhaust administrative remedies under 18 U.S.C. § 4126 and 28 C.F.R. § 301), and cases cited therein; C.A. Wright and A. Miller, *Federal Practice and Procedure:* Civil § 1350 (1969 and Supp.1986).

Because of the Court's action today, the remaining motions filed by defendant, as well as plaintiff's motions for a physical examination and for appointment of counsel are moot and the Court need not rule on them.

Accordingly, it is this 6th day of November, 1986,

ORDERED that defendant's motion to dismiss plaintiff's complaint shall be and hereby is granted.