**Michael G. BINNING, Plaintiff,**

v.

**Woodrow HARDIN, et al., Defendants.**

**No. TH 88–41–C.**

United States District Court,
S.D. Indiana,
Terre Haute Division.

Jan. 4, 1990.

B. Michael McCormick, Brames McCormick Bopp & Abel, Terre Haute, Ind., for plaintiff.

Gerald A. Coraz, Asst. U.S. Atty., Indianapolis, Ind., for defendants.

## ORDER ON DEFENDANTS' MOTION TO SUBSTITUTE THE UNITED STATES OF AMERICA AS THE SOLE DEFENDANT

McKINNEY, District Judge.

The defendants in this prisoner tort action filed a motion to substitute the United States of America as the sole defendant in this cause, in place of various prison employees originally named as defendants. This motion was made following the November 18, 1988, amendment to the Federal Tort Claims Act, ("FTCA") intended by Congress to apply retroactively. The plaintiff, Michael G. Binning, opposes substitution on the ground that retroactive application of the amendment will deprive him of liberty and property without due process, in violation of the Fifth Amendment. The Court, being duly advised, now GRANTS the motion for substitution.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Binning filed this complaint January 29, 1988, in Vigo Superior Court in connection with injuries he received on or about January 31, 1986, while operating what is described as a "Beamer" machine at UNICOR Prison Industries, United States Penitentiary, Terre Haute, Indiana. Named as defendants are Woodrow K. Hardin, safety specialist, Gary Spearman, foreman, and T.E. Tracy, general foreman.

The complaint alleges generally that the machine Binning was using was in an unsafe condition for normal operation because it lacked a safety stop button, that the

defendants knew or should have known of this unsafe condition, and that the defendants negligently failed to correct this condition or require the installation of a safety stop button. As a proximate result of the defendants' negligence, the complaint alleges, Binning's arm was caught in the machine and injured. Binning's arm injury has resulted in continuing disability and impairment, according to the complaint. Binning received a compensation check March 1, 1988, in the amount of $2,822.04 from the Federal Prison Industries Fund in connection with this injury.

A petition to remove this cause to federal court was filed by the defendants March 3, 1988. The removal petition asserts jurisdiction based on 28 U.S.C. §§ 1441–1446, inclusive. On December 1, 1988, the defendants filed their motion to substitute the United States of America as the sole defendant in this action. Binning urges this Court to deny substitution, apparently recognizing that if the defendants' motion is granted this cause should be dismissed.

## II. ISSUE PRESENTED

The issue presented for review is whether applying the Federal Employees Liability Reform And Tort Compensation Act of 1988 ("Tort Reform Act") retroactively to Binning's cause of action violates the Due Process Clause of the Fifth Amendment.

## III. DISCUSSION

■ Binning's opposition to the defendants' motion to substitute is easily understood by examining at the outset of this discussion the ramifications of granting this motion. As stated previously, this action was brought to recover damages for a work-related injury suffered by Binning while a prisoner at the United States Penitentiary at Terre Haute.[1] A prisoner's sole remedy against the government for work-related injuries of this type is 18 U.S.C. § 4126, which authorizes the payment of compensation to prisoners or their dependents. *Aston v. United States*, 625 F.2d

---

**1.** According to the pleadings in this case, Binning was an inmate at the federal penitentiary in Terre Haute when this injury occurred.

Since that time, Binning has been moved to Portland, Oregon, where he apparently remains in custody. *See* this Court's Entry, June 3, 1988.

1210 (5th Cir.1980); *Sturgeon v. Federal Prison Industries*, 608 F.2d 1153 (8th Cir. 1979). Binning has attempted to circumvent this limitation by suing the federal employees individually, rather than suing the government directly. 28 U.S.C. § 2679(d)(1), as amended by the Tort Reform Act, requires that the United States be substituted as the party defendant upon certification that the defendant employee was acting within the scope of his employment at the time of the incident out of which the claim arose.[2] Granting substitution would make the United States the sole defendant in this action. Given that a prisoner's only recourse against the government for work-related injuries is pursuant to 18 U.S.C. § 4126, a course Binning already has pursued, substitution would effectively end this litigation.

**A.** *The Tort Reform Act: Substitution*

The Tort Reform Act was passed in direct response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). In *Westfall*, the Supreme Court eliminated the blanket immunity federal officials enjoyed from state-law tort liability under the doctrine of sovereign immunity. In its place, the Court held that absolute tort liability does not shield official functions from state-law tort liability unless the challenged conduct is within "the outer perimeter of an official's duties and is discretionary in nature." *Id.* at 300, 108 S.Ct. at 585. The Court also invited legislation into the area of absolute immunity, saying:

> We are also of the view, however, that Congress is in the best position to provide guidance for the complex and often highly empirical inquiry into whether absolute immunity is warranted in a particular context. Legislated standards governing the immunity of federal employees involved in state-law tort actions would be useful.

*Id.*

Congress quickly accepted this invitation, passing the Tort Reform Act amendments

to the FTCA within months of the *Westfall* decision. Two provisions of the Tort Reform Act are particularly relevant to substitution. Section 5, which amended 28 U.S.C. § 2679(b), states in relevant part:

> The remedy against the United States provided by ... this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages
> ...

In addition, Section 6, which amended 28 U.S.C. § 2679(d), states in relevant part:

> Upon certification ... any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and *the United States shall be substituted as the party defendant* (emphasis added).

The legislative history of the Act leaves no doubt that the substitution of parties sought by the defendants in this case is precisely the result contemplated by the statute. As the House Report accompanying the bill states, "[t]he 'exclusive remedy' provision of Section 5 is intended to substitute the United States as the *solely permissible defendant* in all common law tort actions against Federal employees who acted in the scope of employment." H.R.Rep. No. 100–700, 100th Cong., 2nd Sess. 6 (1988), U.S.Code Cong. & Admin.News 1988, pp. 5945, 5950 (emphasis added). Even Binning acknowledges in his response to the defendants' motion to substitute that pursuant to the Tort Reform Act, "the United States of America should be substituted as the sole defendant in this action." (Plaintiff's response to defendants' motion to substitute, para. 3.) Therefore, absent other considerations discussed herein, substituting the United States as the sole de-

---

**2.** Certification as to all four defendants was filed in this cause as Exhibit A to the defen-

dants' motion to substitute.

fendant in this action is the proper course of procedure.

### B. Retroactive Application: Due Process

The substitution procedure contemplated by the Tort Reform Act is proper, of course, only if the Act can be applied retroactively to Binning's claim. As discussed previously, Binning was injured January 31, 1986, and filed this action January 29, 1988. The effective date of the amendment was November 18, 1988. However, the amendment specifically provides that it applies "to all claims, civil actions, and proceedings pending on, or filed on or after, the date of enactment of this Act." As Binning acknowledges in his response to the defendants' motion to substitute, "[s]ince this claim was pending on November 18, 1988, it is subject to the amendments of the above cited Act." (Plaintiff's response to defendants' motion to substitute, para. 2.) Thus, having found the Tort Reform Act was intended to apply retroactively to allow substitution in this cause, the only remaining consideration is whether such a result effects a denial of Binning's due process protections.

As stated in his responding brief, Binning asserts that the "retrospective application of a new statutory provision would constitute a deprivation of liberty and property without due process of law in violation of the Fifth Amendment." (Plaintiff's response to defendants' motion to substitute, para. 4.) Binning claims the amendment transformed his right to sue federal employees into a "no right," producing a result that is "harsh and oppressive." In essence, Binning is asking this Court to declare the Tort Reform Act unconstitutional as it applies to him.

Binning is not the first litigant to complain that the retroactive application of a statute violates due process guarantees. Many courts have addressed the varying concerns raised by this issue, and some of these decisions are contained in the defendants' reply brief. Unlike many of these cases, however, in the case at bar the amendment contains a clear congressional intent that it should be applied before the enactment date. The statute unambiguously states that it is to apply to all actions pending on the date of enactment. Retroactive application of the Act therefore was both contemplated and intended by Congress.

The Supreme Court has on numerous occasions considered the proper due process analysis in relation to an act of Congress intended to be applied retroactively. In *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976), the Court considered a constitutional attack under the Due Process Clause to the retroactive effects of the Federal Coal Mine Health and Safety Act of 1969, as amended by the Black Lung Benefits Act of 1972. In upholding the statute, the Court stated:

> It is by now well established that legislative Acts adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way. *See, e.g., Ferguson v. Skrupa*, 372 U.S. 726 [83 S.Ct. 1028, 10 L.Ed.2d 93] (1963); *Williamson v. Lee Optical Co.*, 348 U.S. [483] 487–88 [75 S.Ct. 461, 464, 99 L.Ed. 563] (1955).

*Turner Elkhorn*, 428 U.S. at 15, 96 S.Ct. at 2892.

*Turner Elkhorn* therefore stands for the proposition that when Congress states that legislation is to be applied retroactively, a due process challenge will succeed only where Congress has acted arbitrarily or irrationally. This is an extremely deferential standard of review, as explained in *Pension Benefit Guaranty Corp. v. R.A. Gray and Co.*, 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1983). In discussing the holding in *Turner Elkhorn*, the Court in *Pension Benefit* stated, "[p]rovided that the retroactive application of a statute is supported by a legitimate legislative purpose furthered by rational means, judgments about the wisdom of such legislation remain within the exclusive province of the legislative and executive branches ..." *Id.* at 729, 104 S.Ct. at 2717. Thus, the proper

inquiry is whether the Tort Reform Act is supported by a legitimate legislative purpose furthered by rational means.

The purpose of the Tort Reform Act, as set forth in Section 2(b) of the Act, is to protect federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of federal employees with an appropriate remedy against the United States. As explained more fully in the Act's legislative history, this desire to protect federal employees was directly related to the Supreme Court's decision in *Westfall*, which invited legislative action on the issue. The legislative history reveals a concern that the *Westfall* decision could increase the liability of officers and employees of all three branches of government, and could lead to a "substantial diminution of the vigor of Federal law enforcement and implementation." H.R.Rep. No. 100–694, 100th Cong., 2nd Sess. 3 (1988). In reviewing the legislative purpose of the Tort Reform Act, this Court views as legitimate the desire to protect federal employees from personal liability, and therefore the first prong of the analysis is satisfied.

The second inquiry is whether this legitimate purpose is furthered by rational means. The means employed in this instance is to substitute the United States as the sole defendant in place of the individual federal employees. As explained more fully in *Hammond v. United States*, 786 F.2d 8 (1st Cir.1986), Congress has on other occasions substituted the government as the proper defendant in a certain category of tort suits and relegated plaintiffs to a FTCA remedy. Examples discussed in *Hammond* include the Federal Drivers Act, 28 U.S.C. § 2679(b)-(e), the Swine Flu Act, 42 U.S.C. § 247b(k)-(*l*) (amended 1978), and the Department of Energy National Security and Military Applications of Nuclear Energy Authorization Act of 1985, 42 U.S.C. § 2212. These acts have with-

stood constitutional challenges, and the rational basis test has been the standard of due process analysis applied by the courts. *Hammond*, 786 F.2d at 12–13 (Nuclear Energy Authorization Act); *In re Consol. U.S. Atmospheric Testing Litigation*, 820 F.2d 982 (9th Cir.1987), *cert. denied*, 485 U.S. 905, 108 S.Ct. 1076, 99 L.Ed.2d 235 (1988) (Nuclear Energy Authorization Act); *DiPippa v. United States*, 687 F.2d 14 (3rd Cir.1982) (Swine Flu Act); *Carr v. United States*, 422 F.2d 1007 (4th Cir.1970) (Federal Drivers Act).

This scheme of substituting the United States as the sole defendant is not irrational. Rather, requiring suits be brought pursuant to the FTCA has distinct advantages over a suit against individual federal employees. The FTCA has an established administrative claims procedure for more expeditious resolutions, and the United States will be able to pay any judgment that is awarded, whereas individual defendants may be "judgment proof." H.R.Rep. No. 100–700, 100th Cong., 2nd sess. 4 (1988), U.S.Code Cong. & Admin.News 1988, p. 5948. The fact that substitution in this instance will limit Binning's remedy solely to a Prisoner Industries Fund compensation claim pursuant to 18 U.S.C. § 4126 does change this result. Binning received $2,822.04 from this fund. As stated in *In re Consol. U.S.*, 820 F.2d at 991, the fact that Congress could have given the plaintiff "a more generous substitute compensation scheme" does not mean Congress' choice was without any rational basis. Accordingly, Binning has not met his burden of showing Congress acted in an arbitrary or irrational manner.

### IV. CONCLUSION

For the reasons set forth in this Order, the defendants' motion to substitute the United States as the sole defendant in this action is GRANTED. As discussed herein, the Court is aware that this apparently requires dismissal of this cause.[3] There-

---

**3.** Though dismissal appears proper at this preliminary stage of the proceedings, the Court declines to order dismissal *sua sponte*. Such

dismissals "generally may be considered hazardous," and have been criticized on several grounds. *Tamari v. Bache & Co. (Lebanon)*

fore, the Court will entertain a motion from the defendant to dismiss this cause based on the exclusive remedy available to Binning under 18 U.S.C. § 4126. This motion and supporting memorandum is ordered filed within 15 days of this Order. Pursuant to local Rule 9(a), Binning shall have 15 days after service in which to respond to this motion, and a reply brief will be due 7 days after service of this response.

IT IS SO ORDERED.

*S.A.L.,* 565 F.2d 1194, 1198 (7th Cir.1977), *cert. denied,* 435 U.S. 905 [98 S.Ct. 1450, 55 L.Ed.2d 495] (1978). *See also Doe on Behalf of Doe v. St. Joseph's Hosp.,* 788 F.2d 411, 414–15 (7th Cir. 1986). The Court believes the more advisable course in this instance is to have the benefit of full briefing by the parties prior to reaching a final determination.