**Naomi Glushakow DENENBERG**

v.

**The UNITED STATES.**

**No. 413-60.**

United States Court of Claims.

July 18, 1962.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

Edwin J. Reis, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

DURFEE, Judge.

Plaintiff was injured in the course of employment as a civilian employee of the U. S. Navy Exchange (U. S. Navy Ship's Store Office, U. S. Naval Facility, London, England), a nonappropriated funds activity. She seeks recovery of compensation benefits alleged to be due her under the Act of June 19, 1952, 5 U.S.C.A. §§ 150k and 150k-1,[1] which provides as follows:

"*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That: civilian employees, compensated from nonappropriated funds, of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ship's Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges, and other instrumentalities of the United States under the jurisdiction of the Armed Forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the Armed Forces, *shall not be held and considered as employees of the United States for the purpose of any laws administered by the Civil Service Commission or the provisions of the Federal Employees' Compensation Act* (39 Stat. 742), as amended (5 U.S.C. 751 and the following): *Provided,* That the status of these non-

1. Act of June 19, 1952, P.L. 397, 82nd Congress, 2d Sess. Ch. 444, 66 Stat. 138.

appropriated fund activities as Federal instrumentalities shall not be affected.

Sec. 2. The nonappropriated fund instrumentalities described in the first section of this Act *shall provide their civilian employees, by insurance or otherwise, with compensation for death or disability incurred in the course of employment.* In the case of employees employed in the continental United States (except Alaska), compensation shall be not less than that provided by the laws of the State (or the District of Columbia) in which the employing activity of any such instrumentality is located. *In the case of employees employed outside the continental limits of the United States and in Alaska, compensation shall be not less than that provided in sections 7, 8, and 9 of the Longshoremen's and Harbor Workers' Compensation Act* (44 Stat. 1427–1430), as amended, except that in the case of such employees who are not citizens of the United States, compensation shall be in accordance with regulations to be prescribed by the Secretary of the Army, Navy, Air Force, or Treasury, as the case may be. This section shall take effect sixty days after the date of enactment of this Act." [Emphasis supplied.]

The case is now before us on plaintiff's and defendant's motions for summary judgment.

We do not believe plaintiff states a cause of action upon which relief can properly be granted by this court. It seems clear that the purpose of the Act of June 19, 1952, was to maintain the self-supporting character of the nonappropriated fund activities by precluding the possibility of liability of the United States to employees of such organizations. Nevertheless plaintiff avers that in requiring these activities to maintain compensation programs by insurance or otherwise, some contractual relation arises between plaintiff-employee and the United States whereby the latter is obligated to provide the benefits for the former. We do not construe the statute in this manner.

The statute required the Exchange to provide some compensation program for employees by insurance or otherwise. Plaintiff concedes that the Exchange provided a compensation insurance program. In her petition plaintiff makes no allegation as to whether she sought the benefits provided under that program or that such benefits were less than those provided in sections 7, 8, and 9 of the Longshoremen's and Harbor Workers' Compensation Act (44 Stat. 1427–1430), 33 U.S.C.A. §§ 907, 908, 909. Rather, plaintiff merely alleges that she was an employee of the Exchange in London while pursuing her musical studies; that she was injured in the course of her employment; and that the said injury prevented her from pursuing her career as a music teacher or instrumentalist. On the basis of these allegations, plaintiff contends she is entitled to $100,000, or $128.20 per week, representing loss of income, from the date of the accident and as long as the disability persists. On its face, we believe this action sounds in tort. Moreover, especially in the absence of any allegation that the insurance compensation program provided by the Exchange pursuant to the statutory requirement does not comply with that requirement, or that the benefits justly due plaintiff pursuant to that plan have been denied, we are at a loss to ascertain how any relation may be established between plaintiff and the United States on the basis of the Act of June 19, 1952, whereby the United States could be deemed liable.

To accept plaintiff's position we would in effect have to conclude that by virtue of the Act of June 19, 1952, two alternative remedies are provided for a nonappropriated fund employee: one under the compensation plan provided by the organization; and one against the Government generally, the measure of damages for which would presumably be loss of income. This would appear an entirely unreasonable result inasmuch as it

could confer substantially greater benefits upon such employees at the Government's expense than are afforded to actual employees of the Federal Government.

Rather we are inclined to the reasoning set forth in Aubrey v. United States, 103 U.S.App.D.C. 65, 254 F.2d 768 (1958) wherein it was held that the benefits provided pursuant to the Act of June 19, 1952, are exclusive.

Plaintiff cities several cases [2] as authority for our entertaining this action. All of these cases involved claims against the United States arising from nonappropriated fund activities under the Tort Claims Act, 62 Stat. 982, 28 U.S.C. § 2671 et seq., which, however, constituted a specific waiver of sovereign immunity by the Government as to the actions of these nonappropriated fund instrumentalities. We can find no such waiver of immunity regarding contracts of such instrumentalities, even assuming we were able to find such contract implicit in the Act of June 19, 1952. Instead we find in the statute a specific expression of intention that the cost of any compensation program be paid from the proceeds of the nonappropriated fund instrumentality itself instead of by the Government.

For the reasons stated, defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and DAVIS, LARAMORE, and WHITAKER, Judges, concur.

2. *It should be noted that plaintiff has not alleged that she was arbitrarily or unreasonably denied compensation, or that she ever made a demand for compensation.* Certainly these are prerequisites before any suit for compensation can be brought.

Further, the contract for compensation itself provides that if *the insurance carrier did not award plaintiff compensation, or if she was dissatisfied with* the award, she was obligated to apply to a Compensation Board to have this corrected (Condition D.) [Emphasis supplied.] Plaintiff does not make these allegations, or offer any explanation thereon, and failing this, her petition is fatally defective. Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796; United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039.