## UNITED STATES v. DEMKO.

No. 76. Argued November 8, 1966.—Decided December 5, 1966.

*Richard S. Salzman* argued the cause for the United States. With him on the brief were *Solicitor General Marshall, Assistant Attorney General Douglas, Robert S. Rifkind* and *Morton Hollander.*

*Gerald N. Ziskind* argued the cause and filed a brief for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The respondent Demko, a federal prisoner, was seriously injured in 1962 in the performance of an assigned prison task in a federal penitentiary. Shortly afterward he filed a claim for compensation benefits under 18 U. S. C. § 4126. That law, first enacted by Congress in 1934, authorized the Federal Prison Industries, Inc., a federal corporation, to use its funds "in paying, under rules and regulations promulgated by the Attorney General, compensation . . . to inmates or their dependents

for injuries suffered in any industry." [1]   Under that law and regulations promulgated under it, respondent was awarded $180 per month which was to start on discharge from prison and continue so long as disability continued.[2] After winning this compensation award, respondent brought this action against the United States in the Federal District Court under the Federal Tort Claims Act,[3] alleging that his injury was due to the Government's negligence for which he was entitled to recover additional damages under that Act.   The United States defended on the single ground that respondent's right to recover compensation under 18 U. S. C. § 4126 was his exclusive remedy against the Government barring him from any suit under the Federal Tort Claims Act. The District Court, holding that compensation under 18 U. S. C. § 4126 was not his exclusive remedy, rejected this defense and accordingly entered a judgment for the respondent against the United States for tort claim damages based on stipulated facts.   The Court of Appeals for the Third Circuit affirmed.   350 F. 2d 698.   Subsequently the Court of Appeals for the Second Circuit, in *Granade* v. *United States,* 356 F. 2d 837, reached precisely the opposite result, holding that a prison inmate, injured in prison employment and eligible for compensation under 18 U. S. C. § 4126, is precluded from suing under the Federal Tort Claims Act.   To resolve this conflict we granted certiorari.   383 U. S. 966.

---

[1] Act of June 23, 1934, c. 736, § 4, 48 Stat. 1211.   The Federal Prison Industries was established as a District of Columbia corporation and a "governmental body" to expand an industrial training and rehabilitation program for prisoners initiated by the Act of May 27, 1930, c. 340, 46 Stat. 391.

[2] On August 1, 1966, Federal Prison Industries, Inc., raised respondent's award to $245.31 per month under authority of the Act of July 4, 1966, 80 Stat. 252, amending the Federal Employees' Compensation Act, 39 Stat. 742, as amended, 5 U. S. C. § 751 *et seq.*

[3] 28 U. S. C. §§ 1346 (b), 2671 *et seq.*

Historically, workmen's compensation statutes were the offspring of a desire to give injured workers a quicker and more certain recovery than can be obtained from tort suits based on negligence and subject to common-law defenses to such suits. Thus compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions. A series of comparatively recent cases in this Court has recognized this historic truth and ruled accordingly. *Johansen* v. *United States,* 343 U. S. 427, and *Patterson* v. *United States,* 359 U. S. 495, for instance, are typical of the recognition by this Court that the right of recovery granted groups of workers covered by such compensation laws is exclusive. Such rulings of this Court have established as a general rule the exclusivity of remedy under such compensation laws.[4] In *Johansen* v. *United States, supra,* at 441, this Court stated that where "the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect." Later in *Patterson* v. *United States, supra,* at 496, this Court em-

---

[4] The lower federal courts have held, uniformly, that persons for whom the Government has supplied an administrative compensation remedy are precluded from seeking recovery against the United States for injuries received in the course of their work under the Federal Tort Claims Act, the Jones Act, the Suits in Admiralty Act, or the Public Vessels Act. *Jarvis* v. *United States,* 342 F. 2d 799, cert. denied, 382 U. S. 831; *Rizzuto* v. *United States,* 298 F. 2d 748; *Lowe* v. *United States,* 292 F. 2d 501; *Somma* v. *United States,* 283 F. 2d 149; *Mills* v. *Panama Canal Co.,* 272 F. 2d 37, cert. denied, 362 U. S. 961; *United States* v. *Forfari,* 268 F. 2d 29, cert. denied, 361 U. S. 902; *Balancio* v. *United States,* 267 F. 2d 135, cert. denied, 361 U. S. 875; *Aubrey* v. *United States,* 103 U. S. App. D. C. 65, 254 F. 2d 768; *United States* v. *Firth,* 207 F. 2d 665; *Lewis* v. *United States,* 89 U. S. App. D. C. 21, 190 F. 2d 22, cert. denied, 342 U. S. 869. See also *Gradall* v. *United States,* 161 Ct. Cl. 714, 329 F. 2d 960, 963; *Denenberg* v. *United States,* 158 Ct. Cl. 401, 305 F. 2d 378, 379–380.

phatically refused to abandon the *Johansen* ruling, calling attention to the fact that Congress by specific statute could change the *Johansen* "policy at any time." Consequently we decide this case on the *Johansen* principle that, where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group.

There is no indication of any congressional purpose to make the compensation statute in 18 U. S. C. § 4126 nonexclusive. It was enacted in 1934, and provided for injured federal prisoners the only chance they had to recover damages of any kind. Its enactment was 12 years prior to the 1946 Federal Tort Claims Act. There is nothing in the legislative history of this latter Act which pointed to any purpose to add tort claim recovery for federal prisoners after they had already been protected by 18 U. S. C. § 4126. Indeed to hold that the 1946 Federal Tort Claims Act was designed to have such a supplemental effect would be to hold that injured prisoners are given greater protection than all other government employees who are protected exclusively by the Federal Employees' Compensation Act,[5] a congressional purpose not easy to infer.

The court below refused to accept the prison compensation law as an exclusive remedy because it was deemed not comprehensive enough. We disagree. That law, as shown by its regulations, its coverage and the amount of its payments to the injured and their dependents, compares favorably with compensation laws all over the country.[6] While there are differences in the way it protects its beneficiaries, these are due in the main to the differing circumstances of prisoners and nonprisoners. That law, as the Solicitor General points out, offers far

---

[5] 39 Stat. 742, as amended, 5 U. S. C. § 751 *et seq.*

[6] The regulations governing awards of workmen's compensation to federal prisoners appear at 28 CFR §§ 301.1–301.10 (1965 rev.).

more liberal payments than many of the state compensation laws, and its standard of payments for prisoners rests on the schedules of payment of the Federal Employees' Compensation Act which Congress has provided to take care of practically all government employees. This particular federal compensation law, created to meet, in the accepted fashion of such laws, the special need of a class of prisoners, has now for more than 30 years functioned to the satisfaction of Congress, except as Congress broadened its coverage in 1961.[7] Until Congress decides differently we accept the prison compensation law as an adequate substitute for a system of recovery by common-law torts.

The court below was of the opinion that its holding was required by *United States* v. *Muniz,* 374 U. S. 150. We think not. Whether a prisoner covered by the prison compensation law could also recover under the Federal Tort Claims Act was neither an issue in nor decided by *Muniz.* As our opinion in *Muniz* noted, neither of the two prisoners there was covered by the prison compensation law. What we decided in *Muniz* was that the two prisoners there involved, who were not protected by the prison compensation law, were not barred from seeking relief under the Federal Tort Claims Act. However, that is not this case. The decision in *Muniz* could not possibly control our decision here because respondent is protected by the prison compensation law.[8] All

---

[7] In 1961 Congress expanded the coverage of 18 U. S. C. § 4126 to include not only prisoners' injuries suffered in "any industry" but also in "any work activity in connection with the maintenance or operation of the institution where confined." Act of September 26, 1961, 75 Stat. 681, 18 U. S. C. § 4126.

[8] In this case, the Government stipulated that respondent's "right to compensation pursuant to 18 U. S. C. [§]4126 is not affected by this suit. Regardless of the outcome of this suit [respondent] will have the same right to compensation as if suit had not been instituted."

other arguments of respondent have been considered but we find none sufficient to justify recovery under the Federal Tort Claims Act. The judgments of the courts. below are reversed with direction to sustain the Government's defense that respondent's recovery under the prison compensation law is exclusive.

*Reversed.*

MR. JUSTICE WHITE, whom MR. JUSTICE DOUGLAS joins, dissenting.

*United States* v. *Muniz,* 374 U. S. 150, held that action under the Federal Tort Claims Act was available to federal prisoners injured by the negligence of government employees. Given that case, the respondent, who was injured by government negligence while a federal prisoner, is entitled to relief unless the compensation available to him under 18 U. S. C. § 4126 is his exclusive remedy, a proposition which rests on the intent of Congress to give § 4126 that effect. Certainly the section does not in so many words exclude other remedies; and in my view exclusivity should not be inferred, for § 4126 is neither comprehensive nor certain and does not meet the tests of *Johansen* v. *United States,* 343 U. S. 427, and of *Patterson* v. *United States,* 359 U. S. 495. Section 4126 permits, but does not require, the application of prison industries income to some form of compensation scheme. The scheme adopted by the Attorney General applies to only a limited class of prisoners—those doing prison industry, maintenance, or similar work. A prisoner injured in prison industry work gets no compensation under the plan until he is released and none then if he has completely recovered. Furthermore, his payments stop if he is reincarcerated. If he dies while in prison, he gets nothing at all. On the other hand, if a prisoner is injured by the negligence of a prison guard and is not covered by the § 4126 plan, he may sue and

recover under the Tort Claims Act. Recovery is his and when he gets it, he keeps it whether or not he dies before his prison term expires and whether or not he is released and then again imprisoned.

Essentially, I agree with Judge Freedman, who wrote the opinion for the Court of Appeals for the Third Circuit. The following is a passage from his opinion:

"Congress in adopting the amendment of 1961 to § 4126 gave no express indication that the compensation authorized by it was to be exclusive, and its provisions preclude the imputation of any such intention. The compensation scheme for prisoners is very different from the compensation system for servicemen which was described in [*Feres* v. *United States*] as being 'simple, certain, and uniform' (340 U. S., at 144 . . .) at the time the Federal Tort Claims Act was passed in 1946. It is also vastly different from the right to compensation enjoyed by government employes under the Federal Employees' Compensation Act. It is permissive rather than mandatory. The amount of the award rests entirely within the discretion of the Attorney General, but may not under the statute exceed the amount payable under the Federal Employees' Compensation Act. Compensation is paid only upon the inmate's release from prison and will be denied if full recovery occurs while he is in custody and no significant disability remains after his release. There is no provision for the claimant to have a personal physician present at his physical examination, and there is no opportunity for administrative review. Finally, compensation, even when granted, does not become a vested right, but is to be paid only so long as the claimant conducts himself in a lawful manner and may be immediately suspended upon conviction of any crime, or upon incarceration in a penal institution.

"What emerges on examination, therefore, is a severely restrictive system of compensation permeated at all levels by the very prison control and dominion which was at the origin of the inmate's injury. This discretionary and sketchy system of compensation, which would not even have covered the present plaintiff in 1946, may not be deemed the equivalent of compensation under the Federal Employees' Compensation Act of 1916. Nowhere can there be found any indication that Congress intended that it should serve to exclude prisoners from the broad and sweeping policy embodied in the Federal Tort Claims Act." 350 F. 2d 698, 700–701. (Footnotes omitted.)

Nor does respondent claim the right to cumulate his remedies; he concedes that recovery under the compensation scheme must be offset against any negligence award he would otherwise receive.

Respectfully, I dissent.