395 F.Supp. 52 (1975)
John C. DONHAM, Plaintiff,
v.
UNITED STATES et al., Defendants.
No. 74-711C(4).
United States District Court, E. D. Missouri, E. D.
May 15, 1975.
Correnti & Mykins, Robert E. Buechler, St. Louis, Mo., for plaintiff.
William A. Richter and Arthur L. Smith, Peper Martin, Jensen, Maichel & Hetlage, St. Louis, Mo. and Condon & Forsyth, New York City, for Stencel Aero Engineering Corp.
George M. Fleming and Paul F. Figley, Torts Section, Civil Division, U. S. Dept. of Justice, Washington, D. C., for United States.

MEMORANDUM
NANGLE, District Judge.
This action is before the Court upon the motions of the defendant United States for summary judgment against the plaintiff John C. Donham and to dismiss the cross-claim of co-defendant Stencel Aero Engineering Corporation ("Stencel").
Plaintiff seeks substantial damages against the United States and two private corporations for injuries sustained when, as a Missouri Air National Guard pilot, he was forced to eject from his jet aircraft in flight over Missouri. He alleges that a defect in the egress life support system, precipitated by defendants' negligence, caused his injuries. The action is brought pursuant to the Federal *53 Tort Claims Act ("Act"), 28 U.S.C. §§ 2671-2680; diversity of citizenship is alleged to exist.
The United States moves for summary judgment on the ground that plaintiff's injury was incurred incident to his military service and that recovery against the United States under the Act is precluded by the teachings of Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966). The Supreme Court in Feres ruled that the United States is not liable under the Act "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service". 340 U.S. at 146, 71 S.Ct. at 159. In Demko the Court ruled that a federal prisoner, injured in the performance of an assigned prison task, was limited to his exclusive statutory remedy of compensation under 18 U.S.C. § 4126. He was precluded from suit under the Federal Tort Claims Act. Feres and Demko are sought to be applied alternatively by the United States.
The Court is of the opinion that plaintiff's status as a Missouri Air National Guard pilot is sufficiently related to federal military service to apply the Feres ruling to bar his claim against the United States. 10 U.S.C. §§ 8062, 8077 and 8499; 32 U.S.C. §§ 104, 106, 110, 502; 37 U.S.C. § 301. See also Layne v. United States, 295 F.2d 433 (7th Cir. 1961), cert. den., 368 U.S. 990, 82 S.Ct. 605, 7 L.Ed.2d 527 (1961). Since the Feres ruling is founded on the doctrine of sovereign immunity, the Court will dismiss plaintiff's claim against the United States for lack of subject matter jurisdiction.
Stencel seeks indemnification against the United States by cross-claim alleging that Stencel manufactured the life egress system according to government specifications, that after manufacture the system was in the custody of and maintained by the United States, and that if at all Stencel's alleged negligence is passive and that of the United States is active. The United States argues that, to allow Stencel to recover against the United States on indemnity is to allow recovery indirectly of what could not be recovered by the injured plaintiff directly.
The Court agrees with the United States. In Terminal R. Ass'n. of St. Louis v. United States, 182 F.2d 149 (8th Cir. 1950), cert. den., 340 U.S. 825, 71 S.Ct. 60, 95 L.Ed. 606 (1950), the Court of Appeals ordered dismissed for lack of subject matter jurisdiction a claim for indemnity against the United States. In that case the injured plaintiff's claim against the United States under the Federal Tort Claims Act was dismissed as barred by sovereign immunity. The plaintiff's claim arose prior to the effective date of the Act. The immunity of the United States to plaintiff's claim rendered the claim for indemnity an "ethical" one only. That case governs Stencel's claim for indemnity against the United States. It will be dismissed for lack of subject matter jurisdiction.