**Domingo ROMAN, Appellant,**

v.

**SUNNY SLOPE FARMS, INC., Appellee.**

No. 85–2090.

United States Court of Appeals, Fourth Circuit.

Argued June 3, 1986.

Decided May 7, 1987.

---

Marvin H. Feingold, Neighborhood Legal Assistance Program, Inc., Charleston, S.C., for appellant.

Stanley T. Case (Edward R. Cole, Butler, Means, Evins & Browne, Spartanburg, S.C., on brief) for appellee.

Before WIDENER, K.K. HALL and MURNAGHAN, Circuit Judges.

WIDENER, Circuit Judge:

The appellant-plaintiff, a migrant farmworker, was injured on the job and brought this action with claims under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 *et seq.*, and state common-law for battery and fraud. The plaintiff claims his injuries arose from being sprayed by pesticides while working in the defendant's fields. The district court dismissed the complaint because it found that South Carolina's Workers' Compensation Law, S.C.Code Ann. § 42–1–10 *et seq.* provided the exclusive remedy for all of plaintiff's claims. We affirm.

The plaintiff, Domingo Roman, alleges that while working as a migrant farm worker in the defendant's peach orchards during July and August of 1983, he was repeatedly sprayed with a chemical pesticide dangerous to humans. He also alleges that although his employer knew he was being sprayed, or should have known he might have been sprayed, the employer failed to provide protective clothing as required in their written employment agreement. Roman alleges that he was hospitalized for four days during his employment for an illness caused by these sprayings.

The plaintiff claims that when he complained about the sprayings, his employment was terminated and he was promptly sent back to the employer's recruitment offices in New Jersey. He also alleges that his employer fraudulently concealed the facts surrounding the pesticide spray-

ings preventing the plaintiff from effectively pursuing his remedies at law.

The defendant, Sunny Slope Farms, Inc., denies that Roman was sprayed with any deleterious substance or exposed to pesticide in any manner which would require protective clothing. Furthermore, the defendant asserts that since it has elected coverage under the South Carolina workers' compensation Law, that Law provides the exclusive remedy against an employer to an employee so injured on the job. *See* S.C.Code Ann. §§ 42–1–540, 42–1–360(5).

The plaintiff's AWPA claim alleges that Roman and the defendant entered a written contract of employment wherein the employer promised to furnish him special clothing required to perform his work, and that plaintiff would at all relevant times be covered by a policy of Workmen's Compensation Insurance. Roman alleges that his employer's failure to furnish him protective clothing constitutes a violation of AWPA, actionable under 29 U.S.C. § 1854, since such failure violates § 1822(c) which requires an employer to conform to any working agreements made with its workers.

The district court held that the state workers' compensation insurance program provided an exclusive remedy to the plaintiff, precluding all other claims arising from this incident. Furthermore, it dismissed the plaintiff's battery and fraud claims as encompassed within § 42–9–70 of the South Carolina Code, which adds a 10 per cent penalty for an employer's wilful failure to comply with any statutory requirement. S.C. Code Ann. § 42–9–70.

The principal question raised on appeal and the question upon which the whole case turns is whether AWPA supplements the South Carolina Workers' Compensation Law in the sense that AWPA in an appropriate case provides a remedy where no state workers' compensation remedy is available, or whether it, indeed, provides a remedy in addition to state workers' compensation for an on-the-job injury, so that AWPA in an appropriate case provides a remedy whether or not the injury is covered by state workers' compensation.

We conclude that AWPA was not intended to provide an additional remedy for an on-the-job injury in a case in which state workers' compensation is available. We need not, and do not, decide whether or not AWPA provides a remedy in an appropriate case for an on-the-job injury when an employer does not have state workers' compensation insurance.[1]

We initially note that 29 U.S.C. § 1871 expresses Congress' intention to supplement state law: "This chapter is intended to supplement state law, and compliance with this chapter shall not excuse any person from compliance with appropriate state law and regulation." It is doubtless true, as plaintiff argues, that this section permits the States to enact more stringent requirements than AWPA without federal interference or preemption. But that is not to say that where an on-the-job injury is covered by a state workers' compensation law that the federal statute gives an additional remedy for the same injury. Section 1871, however, is a clear direction that Congress did not intend to preempt state workers' compensation laws. The fact that such laws were not intended to be preempted is shown by that part of the statute, 29 U.S.C. § 1841, dealing with motor vehicle safety. The section sets standards for the vehicles involved in the transportation of migrant workers by agricultural employers, and subsection (b)(1)(C) provides (in order to protect the workers) that the employer have a liability insurance policy or bond covering the operation of any vehicle used to transport migrant workers. This provision is then followed by subsection (c) which provides, in subsection (1), that no such insurance policy or bond shall be required of the employer if those workers are transported only under circumstances for which there is coverage under a state workers' compensation law. In addition to demonstrating that Congress did not intend

---

**1.** AWPA, 29 U.S.C. § 1854(c)(1), provides for an award of damages for "intentionally" violating any provision of the chapter.

to preempt state law, § 1841 shows that Congress was cognizant of state workers' compensation laws, for AWPA was in that instance written in view of and to mesh with the state laws, and not to interfere or supersede them.

We keep in mind that this employer has elected to be bound and has procured workers' compensation insurance as it contracted with the plaintiff so to do. See S.C. Code Ann. § 42–1–360(5). So, the plaintiff here is covered by South Carolina workers' compensation insurance. He has in fact filed a state workers' compensation claim.

So far as the cases go, there is a dearth of direct authority on the question at hand. We are persuaded, however, by two cases in arriving at our conclusion. They are *United States v. Demko*, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966), and *Garvin v. Alumax of South Carolina, Inc.*, 787 F.2d 910 (4th Cir.1986).

The *Demko* case involved the claim of a federal prisoner who was injured while performing an assigned prison task. He filed his claim for compensation benefits under 18 U.S.C. § 4126 which, with the regulations promulgated under it, provided that prisoners would be compensated for such injuries, but not to exceed the amount payable under the federal employees' compensation act. The statute authorizing the prisoner's claim contained no provision that the compensation award was exclusive. See the Third Circuit opinion in *Demko*, 350 F.2d 698, 700. The prisoner then filed his claim against the United States under the Federal Tort Claims Act. The Court denied the claim, stating that: "Consequently, we decide this case on the *Johansen* [343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051] principle that, where there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the

exclusive remedy to protect that group." 385 U.S. 152, 87 S.Ct. at 384.

In *Garvin*, a longshoreman was injured on a pier in South Carolina in a location in which he was covered both by the federal Longshoreman and Harbor Workers' Compensation Act, as well as under the South Carolina Workers' Compensation Law. He filed his claim under the federal statute for compensation, and then sued Alumax, the owner of the machine which injured him, which would have been immune under state law because of the South Carolina Workers' Compensation Act, but not under the federal statute which extended immunity only to the subcontractor for whom Garvin worked, not to the owner. We held that Garvin's suit was barred because of the immunity granted by the South Carolina Workers' Compensation Law. While the decision in *Garvin* was based in part on the fact that Garvin's suit against Alumax was based on a state common law cause of action, see pp. 917–18, we also reasoned, in harmonizing the state and federal statutes, that: "There is nothing in that amendment [2] [to the LHWCA] or its legislative history, however, to indicate a congressional intention to restrict the application of state created immunity of contractors in situations in which the state statute traditionally had been applied." 787 F.2d 916–17.

Applying the reasoning of *Demko* and *Garvin* to the case at hand, we find nothing in the legislative history, which is found at 4 U.S.Code & Adm.News (1982), p. 4547 (House Rep. No. 97–885, no Senate report submitted) or in the language of the statute which indicate that the South Carolina Workers' Compensation Law, which does cover the plaintiff, should not be the exclusive remedy to protect him from an on-the-job injury. *Demko*, 385 U.S. p. 152, 87

---

2. A 1984 amendment to the L.H.W.C.A. provided that the federal statute's immunity did not extend to Alumax. P.L. 98–426.

3. The Court contrasted *United States v. Muniz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805

(1963), in which a prisoner had been allowed to proceed under the F.T.C.A. for an injury when he "was not protected under the prison compensation laws". 385 U.S. 153, 87 S.Ct. at 385.

S.Ct. at p. 384.[3] As *Demko* points out, again on page 152, to hold that the AWPA would have the supplemental effect claimed by the plaintiff would give the plaintiff greater protection than other agricultural workers in South Carolina covered by that State's Workers' Compensation Law. By the same token, we find nothing in the AWPA or in its legislative history to indicate a Congressional intention to restrict the application of state created immunity in cases in which a state workers' compensation law covers the injury at hand. *Garvin* pp. 916–917.[4]

 When we take the reasoning of *Demko* and *Garvin* into account, considering that the statute itself is in terms not exclusive and that at least one part of it was drafted to coincide with state workers' compensation laws, we are of opinion, and hold, that when a migrant agricultural worker is injured on the job and his injury is covered by a state workers' compensation law, as here, if that state's workers' compensation law provides that it is the exclusive remedy, as does South Carolina's, the worker is bound by that provision.

The judgment of the district court is accordingly

AFFIRMED.[5]

MURNAGHAN, Circuit Judge, concurring:

In concurring with the majority opinion, I do not mean to cast doubt on the result reached. However, the substantial reliance placed by the majority on *Garvin v. Alumax of South Carolina, Inc.*, 787 F.2d 910 (4th Cir.1986), requires a response by me.

I dissented in *Garvin* on the grounds that the court lacked jurisdiction to consider and reach a decision on the points dealt with in *Garvin.* I still retain that view though of course *Garvin* is the law of the circuit. However, in the present case reliance of *Garvin* was not necessary to the decision and I would prefer not to rely on it in reaching the conclusion come to by the majority.

Otherwise, I have no difference with the majority opinion and therefore concur.

**4.** We mention, and this is supportive of our opinion, that the plaintiff here contracted with his employer that the employer place him under South Carolina Workers' Compensation Law, which provides that it is the exclusive remedy. S.C. Code Ann. § 42–5–10. Yet, at the same time the plaintiff seeks the benefits of that statute, he seeks to escape from the exclusivity provisions of the same law under which he claims.

**5.** The plaintiff on appeal takes issue with the district court's statement that it considered the case as on a motion for summary judgment, but in its order dismissed for failure to state a cause of action under Rule 12(b)(6). He also takes issue with the grant of summary judgment. While in some cases such a point might be determinative, we have in our decision given the plaintiff the benefit of every fact he claims as did the district court. So, whether the case be decided upon a motion to dismiss or upon a motion for summary judgment is of no moment.