940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles SIMON, Plaintiff-Appellant,
v.
Warden BRENNAN, F.C.I. Oxford, Defendant-Appellee.
 No. 90-1896.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1991.*
Decided July 31, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Charles Simon filed an action in district court seeking damages, under a number of legal theories, for the aggravation of a back injury that occurred while he was working in prison. The district court ultimately granted summary judgment in favor of defendant Brennan, and we affirm.
 
 
 2
 Simon alleged that he entered prison with a pre-existing back injury, and that as a result of a medical examination the physicians recommended that he only be given light work. When he was transferred to F.C.I. Oxford, however, he was assigned to work in a kitchen. While carrying trays as part of that job, he slipped and fell, aggravating the previous back injury. Simon asserts that the area of the floor was slippery because the prison officials negligently were using a temporary garbage disposal.
 
 
 3
 The Supreme Court has held that the compensation statute at 18 U.S.C. Sec. 4126 provides the exclusive remedy for an inmate alleging injuries resulting from performance of an assigned task in a federal penitentiary. United States v. Demko, 385 U.S. 149, 151-52 (1966); see also Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir.1987). Simon's allegations fall squarely within that holding because he alleges that his back was injured when he was performing his assigned kitchen duties. Simon pursued his administrative remedies under Sec. 4126 and the Institution Safety Committee initially awarded him $49.64 in lost-wage compensation for his back injury. The Safety Committee requested a review of Simon's medical record, and subsequently determined that the fall did not result in any new injury to Simon. The Committee then requested reimbursement of the $49.64 given to Simon.
 
 
 4
 Simon then filed a Request for Administrative Remedy (BP-9) with the warden's office challenging the decision refusing compensation, but the warden upheld the denial. Simon did not appeal that decision. Seven months later, Simon filed a second BP-9 with the warden's office, raising the same claims, but it was denied as repetitive. Simon appealed that decision to the next two levels with BP-10 and BP-11 filings, but the finding that the petition was repetitive was upheld on appeal.
 
 
 5
 Simon attempts to appeal the denial to this court but, as the district court noted, he has failed to demonstrate that the decision of the administrative agency was arbitrary or capricious. See 5 U.S.C. Sec. 701 et seq.; Thompson v. United States, 492 F.2d 1082, 1084 n. 5 (5th Cir.1974). Simon did not provide evidence indicating that the Committee was without basis in determining that his back injury was not worsened by the fall. Moreover, Simon does not contest that the second BP-9 was repetitive, and the record demonstrates that Simon appealed only from the denial of his second BP-9, not the first. The district court thus correctly concluded that Simon had failed to show that the Committee acted in an arbitrary or capricious manner.
 
 
 6
 Simon also appears to challenge the district court's refusal to allow him to amend his complaint to include negligence claims against the safety officer at the prison and against Dr. Reed and Hospital Administrator Steiner for medical negligence leading to his workplace injury. Simon's claims with respect to those proposed defendants concern actions taken by those defendants in the performance of their official duties at the prison. The Supreme Court has held that government officials may not be sued under the Federal Tort Claims Act for workplace injuries incurred by inmates because the exclusive remedy lies in Sec. 4126. Demko, 385 U.S. at 151-52. In light of Demko, the district court did not err in refusing to allow Simon to add those claims.
 
 
 7
 Finally, Simon also attempted to proceed in the district court under a claim that the prison officials violated his eighth amendment rights by acting with deliberate indifference to his medical needs. The district court denied this claim because Simon never alleged that he was engaged in anything other than "light duty" at the time of the fall. Because Simon never argued that he was not capable of performing light duty, the complaint failed to allege even negligence on the part of the prison officials. After reviewing the record, we find no error in this decision of the district court.
 
 
 8
 Accordingly, the decision of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record