In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-2005

LEO PASCHAL,

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 4385—**Matthew F. Kennelly**, *Judge.*

SUBMITTED JUNE 19, 2002—DECIDED SEPTEMBER 11, 2002

Before POSNER, KANNE, and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge.* Leo Paschal, an inmate in a federal prison, has asked us to appoint counsel for him in this appeal. For reasons explained in an unpublished order issued today, we deny the motion and summarily affirm the judgment of the district court. This published opinion is limited to a single issue, one on which there is, surprisingly, no case law.

While a pretrial detainee at the Metropolitan Correctional Center in Chicago, a federal jail, Paschal slipped and fell on a wet floor in the prison's kitchen, where he was working. He sued the United States under the Federal Tort

Claims Act. On motion by the government, the district court dismissed the suit because the Inmate Compensation Program, 18 U.S.C. § 4126(c), the judge ruled, provided Paschal's exclusive remedy. That Act provides the exclusive remedy for federal inmates injured while working, *United States v. Demko*, 385 U.S. 149, 152 (1966); *Bagola v. Kindt*, 39 F.3d 779, 780 (7th Cir. 1995), but this is the first reported case in which the inmate was a pretrial detainee rather than a convicted prisoner. A federal inmate is a person in federal custody; the reason for his being an inmate is irrelevant to his status as an inmate. Policies administered by the Bureau of Prisons are generally applicable to pretrial detainees and convicted prisoners alike, see 28 C.F.R. § 500.1(c), and it is relevant to note that in 1994 the Bureau amended its regulation defining "release" (inmates injured during service in a prison industry or workplace may not file claims under the ICP until no more than 45 days remain before their scheduled release from federal custody, 28 C.F.R. § 301.303(a)) to include in the term "final discharge from incarceration of a pretrial inmate." 28 C.F.R. § 301.102(b)(1). (A "pretrial inmate" is expressly defined to include "a person awaiting trial, being tried, or awaiting a verdict." 28 C.F.R. § 551.101(a).) Previously the regulation had defined "release" to exclude "pretrial inmate." We cannot think of any reason why Congress would have wanted the two classes of prison workers distinguished, and we therefore agree with the district court that the statute applies to pretrial detainees.

AFFIRMED.

No. 02-2005 3

A true Copy:

     Teste:

 

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*