# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3642

_____

Cesar Cordoba,                          *
                                        *
            Appellant,                  *
                                        *
      v.                                *  Appeal from the United States
                                        *  District Court for the
Marvin D. Morrison, Warden, FCI -       *  Eastern District of Arkansas.
Forrest City; George E. Snyder, Former  *
Warden, FCI - Forrest City;             *     [UNPUBLISHED]
                                        *
            Appellees,                  *
                                        *
Ginny Van Buren, Associate Warden,      *
FCI - Forrest City;                     *
                                        *
            Defendant,                  *
                                        *
James Campbell, Superintendent of       *
Industries (UNICOR), FCI - Forrest      *
City;                                   *
                                        *
            Appellee,                   *
                                        *
Harold Ivey, Safety Department          *
Manager, FCI - Forrest City; Brad       *
Jurgensen, UNICOR Factory Manager,      *
FCI - Forrest City;                     *
                                        *
            Defendants,                 *
                                        *
Rick James, UNICOR Supervisor, FCI -    *

Forrest City; United States Bureau of
Prisons, FCI, Forrest City, Arkansas,

\*
\*
\*

Appellees.

\*

_____

Submitted:  October 6, 2005
Filed:  October 11, 2005

_____

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Former federal inmate Cesar Cordoba sued the United States Bureau of Prisons and various prison officials, asserting under the Federal Tort Claims Act (FTCA) that he was injured as a result of defendants' negligent failure to train him to use certain machinery safely during his UNICOR employment.  Cordoba also asserted a retaliation claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  The district court[1] dismissed Cordoba's Bivens claim after he failed to provide proof of exhaustion.  The magistrate judge[2] dismissed without prejudice Cordoba's FTCA claim upon finding that his sole remedy against the government was a claim under the Federal Prison Industries' Inmate Accident Compensation (IAC) system.  See 18 U.S.C. § 4126; 28 C.F.R. §§ 301.101-.319. Cordoba appeals both rulings.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Following careful review of the record and Cordoba's arguments on appeal, we believe that Cordoba's claims were properly dismissed. <u>See</u> 42 U.S.C. § 1997e(a) (exhaustion); 18 U.S.C. § 4126 (inmate compensation for injuries); <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 532 (2002) (prisoner cannot bring <u>Bivens</u> action involving prison conditions before exhausting available administrative remedies); <u>United States v. Demko</u>, 385 U.S. 149, 151-54 (1966) (§ 4126 is exclusive remedy for federal inmates' work-related injuries, and FTCA actions which seek recovery for such injuries are barred). In particular, the district court was not bound by an Institution Safety Committee's finding--which, as Cordoba was advised, was subject to review by an IAC Committee upon his filing of an IAC claim--that his injury was not work-related; the record does not indicate Cordoba pursued an available remedy by filing an IAC claim; and Cordoba did not allege retaliation, or even facts from which a retaliation claim could be inferred, in his prison grievances.

Accordingly, the judgment is affirmed.

_____