NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0619n.06
Filed: October 15, 2008

No. 07-6352

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM BAYNES; BOBBY ROGERS; CHARLES SYKES, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant-Appellee. | ) | |

Before: COOK and GRIFFIN, Circuit Judges; and MARBLEY, District Judge.[*]

COOK, Circuit Judge. This appeal by three federal inmates challenges the dismissal of their federal-tort-claim suits filed to recover for personal injuries each sustained when the prison bus they were riding to a job site collided with a tree. We should affirm if the injuries were "work related" because the Inmate Accident Compensation Act, 18 U.S.C. § 4126, provides compensation as the exclusive remedy for inmates' work-related injuries, thus barring tort actions. If, however, as the inmates contend, their injuries cannot be labeled work related, we should reverse to allow their tort claims to proceed.

I

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

The plaintiffs are inmates at a "federal prison camp" located next to the Federal Correctional Institution at Ashland, Kentucky. In this minimum-security satellite camp, non-violent prisoners live in dormitory-style housing and provide labor to FCI Ashland. Bureau of Prisons buses transport the inmates from their dormitories to various work sites.

In early 2007, a Bureau of Prisons bus arrived to pick up the plaintiffs and other inmates at the prison camp and headed to FCI Ashland's garage, where the inmates were scheduled to mow the lawn. (The Bureau of Prisons required the inmates to ride this bus to the garage and compensated the inmates for their time on it. *See* JA 28, 39, 92, 139, 188.) Halfway there, the driver jerked the steering wheel after suffering a back spasm, causing the bus to careen off the road and crash into a tree. The impact fractured Plaintiff Baynes's leg in three places, fractured Plaintiff Rogers's hip, and caused blunt-force trauma to several areas of Plaintiff Sykes's body.

Seeking compensation for their injuries, the plaintiffs filed administrative tort claims with the Bureau of Prisons, alleging that prison officials negligently assigned a medically unfit driver to operate the bus. The Bureau denied the claims, advising the plaintiffs to seek compensation under § 4126. The plaintiffs then filed separate personal-injury actions in district court under the Federal Tort Claims Act. Agreeing with the Bureau of Prisons that § 4126 foreclosed the plaintiffs' suits, the district court dismissed all three complaints for lack of subject-matter jurisdiction. The plaintiffs now appeal, triggering our de novo review. *Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003).

II

In challenging the district court's dismissal of their tort claims, the plaintiffs contend that § 4126 does *not* provide compensation for their injuries. Akin to state workers' compensation systems, § 4126 compensates inmates injured during the course of penal employment, but, as typical in workers' compensation schemes, this compensation is offered in lieu of tort damages. *United States v. Demko*, 385 U.S. 149, 151–54 (1966) (holding that inmates are barred from bringing Federal Tort Claims Act claims for work-related injuries); *see also Wooten v. United States*, 825 F.2d 1039 (6th Cir. 1987) (same). Preferring a chance at tort damages, the plaintiffs maintain that they are ineligible for the penal workers' compensation.

Section 4126's implementing regulations guide our analysis. *See* 18 U.S.C. § 4126 (authorizing the Federal Prison Industries Fund to pay, "under rules and regulations promulgated by the Attorney General . . . compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined"). The regulations provide that § 4126 will compensate inmates for "work-related injuries"—i.e., "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a).

Conceding that they rode the bus "in connection with" their work, the plaintiffs point to another section of the regulations, *id*. § 301.301, that articulates the "coming and going rule" typical of workers' compensation statutes in general, *see Demko*, 385 U.S. at 152 (stating that § 4126 is

patterned after "compensation laws all over the country," with differences to accommodate the differing circumstances of prisoners and non-prisoners). That section states: "[C]ompensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." 28 C.F.R. § 301.301(c). The plaintiffs contend that they suffered non-work-related injuries on the bus ride because they had yet to arrive at the work area—FCI Ashland's garage.

The Bureau of Prisons counters that the prison bus itself counted as a "work location." The regulations do not define "work location" or "work area," but we note that the Bureau of Prisons defines these terms as "anyplace the inmate is authorized to be performing his assignment." BOP Program Statement 1600.08, 19 (Aug. 1999). Here, the assignment included traveling aboard the employer-operated bus to FCI Ashland's garage, a fact confirmed by the Bureau's payment of wages to the inmates for their travel time. *Cf.* Larson's Workers' Compensation Law §14.06 (2008) ("[A] demonstration that travel time was specifically paid for is one of the most reliable ways of making a case for the compensability of a going or coming trip, and is ordinarily sufficient in itself to support such a finding . . . ."); *id.* § 15.01 ("If the trip to and from work is made in a truck, bus, van, car, or other vehicle under the control of the employer, an injury during that trip is incurred in the course of employment" and compensable under workers' compensation.). And although the Bureau of Prisons provides all transportation for its prisoners, including for recreational, educational, and administrative purposes, here the bus took the plaintiffs to the prison's garage to mow the lawn. We thus agree with the Bureau of Prisons and the district court that the inmates' injuries were

"proximately caused by the actual performance of the inmate[s'] work assignment[s]."  28 C.F.R.

§ 301.102(a).

III

We affirm the district court's order dismissing the plaintiffs' complaints for lack of

subject-matter jurisdiction.

MARBLEY, District Judge, DISSENTING.

I dissent because the inmates' injuries were not "work related," barring recovery under the Inmate Accident Compensation Act but permitting the inmates to sue in tort. Section 4126's implementing regulations define a work related injury as "any injury . . . proximately caused by the *actual performance* of an inmate's work assignment." 28 C.F.R. § 301.302 (emphasis added). More importantly, the regulations set forth a "coming and going" rule:

> compensation *shall not be paid* for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, *or going to or coming from lunch outside of the work station or area*).

28 C.F.R. § 301.301(c) (emphasis added). The inmates were injured on their lunch break when their bus, operated by the Bureau of Prisons, crashed into a tree. At the time of the accident, the BOP bus was transporting them from their dormitory to an adjacent work site where they were assigned to mow the lawn. Notably, the regulations prohibit recovery under the Act in the very scenario before us today—where inmates sustain an injury outside of the work area while they were coming back from lunch. The language could not be more explicit.

The majority disagrees on two grounds. First, they contend that the bus is a "work location" because it was operated by the inmates' employer and their assignment included travel to the work site. (Maj. Op. 4 ln. 10). But as the majority concedes, the BOP is the *exclusive* provider of inmate transportation for both work and non-work related events. So the fact that

the inmates were injured while riding their employer's bus is of little relevance to a determination of whether the bus constitutes a "work location." And while the Inmate Accident Compensation Act is modeled after other workers' compensation laws which carve out an exception to the coming and going rule where the assignment requires travel *between* different work sites, that exception does not apply here. Plaintiffs' work required travel—obviously, getting to the grass is a sine qua non of mowing the lawn—but their assignments did not require travel *between* work locations. It was not therefore an integral aspect of their landscaping duties and this narrow exception does not apply. Which leads to the second argument.

The majority hangs its hat on the fact that the inmates were being paid at the time of the accident. But of course the inmates were being paid—they were on their lunch break. Almost all employees are paid during their lunch break irrespective of whether they leave the work area. I would at the very least remand the case to determine whether the inmates would have been paid during the lunch hour regardless of whether they rode the BOP bus. Ultimately, the regulations expressly preclude recovery for injuries sustained while an inmate is "going to or coming from lunch outside of the work station or area." 28 C.F.R. § 301.301(c)(4). In this case, the inmates were injured coming back from lunch outside of the work area. The regulations could not be more explicit. The inmates are not entitled to recover under the Inmate Accident Compensation Act but they are entitled to sue in tort.