FILED
United States Court of Appeals
Tenth Circuit

July 24, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT PARK ARBUCKLE,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

Defendant - Appellee.

No. 13-6012

(D.C. No. 5:11-CV-00976-W)

(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Robert Arbuckle, a federal prisoner proceeding pro se, appeals the district court's dismissal of his complaint seeking relief under the Federal Tort Claims Act. In his complaint, Plaintiff alleged that while working at the prison dairy at the El Reno Federal Correctional Institution, he was attacked by a large bull and injured. The government filed a motion to dismiss arguing the court lacked subject matter jurisdiction

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because Plaintiff's exclusive remedy against the government for his injuries is the Inmate Accident Compensation Act. The magistrate judge recommended the motion to dismiss be granted. After considering Plaintiff's objections and the government's response, the district court issued an order adopting the recommendation and dismissing the matter without prejudice. Plaintiff appeals this decision.

On appeal, as in his objection, Plaintiff argues he is not barred from seeking relief under the FTCA because his injury is not "work-related," *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Specifically, Plaintiff contends his injury occurred while he was performing a function—herding cattle—which was outside of his duties as a dairy clerk. He further maintains that although he "was given a direct order to go out and herd cattle," this order was, in actuality, a form of retaliation accompanied by a "threat[ of] being placed in the 'hole' if he did not comply." (Opening Br. at 3.) According to Plaintiff, his herding cattle on the day he was injured was done "under threat" and consequently "does not create a 'work-related injury.'" (*Id.*)

After reviewing the record on appeal, we agree with the district court that Plaintiff's claim is subject to the IACA, and he is therefore barred from seeking relief under the FTCA. We see no error in the district court's factual determination that Plaintiff's injury occurred while he was performing his assigned work duties, *see Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("We review the district court's findings of jurisdictional facts for clear error."), and therefore his injury was work-related. The district court's conclusion was based on (1) Plaintiff's own allegation that he

had been "called back to the dairy and told to go out and herd cattle" (R. at 10); (2) an affidavit from the prison safety manager stating, "On [the day of the injury], Arbuckle was assigned to herding at the Dairy" (R. at 26); (3) an inmate history work detail showing Plaintiff was assigned to the dairy approximately two weeks before the injury and was not unassigned from this duty until one week after the injury; (4) the Bureau of Prisons' position description for a dairy clerk, which includes "perform[ing] other duties as assigned by Dairy Supervisor" (R. at 31); (5) an injury report showing Plaintiff's injury occurred during his duty hours; and (6) a conclusion by the Institution Safety Committee that Plaintiff's "injury was work related" (R. at 37).

"[W]hen a federal prisoner's injuries are work-related," as the district court properly concluded Plaintiff's injury was, "the Supreme Court has held that the prisoner's exclusive remedy against the government is the Inmate Accident Compensation Act; he cannot sue the government under the FTCA." *Smith*, 561 F.3d at 1099 (citing *United States v. Demko*, 385 U.S. 149, 152-54 (1966)). Accordingly, and for substantially the same reasons given by the magistrate judge and the district court, the dismissal of Plaintiff's complaint is **AFFIRMED**. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. Plaintiff is reminded of his continuing obligation to make partial payments until his filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-