NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014[*]
Decided March 19, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3339

| | |
|---|---|
| CRAIG J. CESAL,<br> *Plaintiff-Appellant,*<br><br> *v.*<br><br>FEDERAL PRISON INDUSTRIES, INC.<br>and FEDERAL BUREAU OF PRISONS,<br> *Defendants-Appellees*. | Appeal from the United States<br>District Court for the Southern District<br>of Illinois.<br><br>No. 11-927-GPM<br><br>G. Patrick Murphy,<br>*Judge*. |

**O R D E R**

After Craig Cesal, a federal inmate, was injured at a prison job in 2008 at the Federal Correctional Center in Pekin, Illinois, he received compensation while he was unable to do heavy-duty work. He sued Federal Prison Industries, Inc. (a government corporation that employs federal inmates, *see United States v. Demko*, 385 U.S. 149,

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

149–50 (1966)) and the Federal Bureau of Prisons, contending that, under the Inmate Accident Compensation Act, 18 U.S.C. § 4126(c)(4), they wrongly ended his accident compensation when he was transferred to another prison. The district court dismissed the case for failure to state a claim, reasoning that compensation for his injury terminated when Cesal was transferred from Pekin. Because Cesal's right to compensation for his Pekin injury ceased after his transfer, we affirm the judgment.

According to Cesal, he injured his spine in 2008 while lifting a heavy door at his metal-welding job at Pekin. He received lost-time wages for the four weeks he was unable to work before he received a new, light-duty job at the same pay rate. Three years later he was transferred to the federal prison in Greenville, Illinois, for reasons unrelated to his injury. He received a work assignment at Greenville's electrical shop in May 2011. But because he was still limited to a light-duty job and no light-duty positions were available, he has been unable to work at Greenville. He applied twice for lost-time wages, and a prison administrator at Greenville denied both requests. He administratively appealed those denials, but the prison rejected them as untimely.

Cesal then sued under the Inmate Accident Compensation Act and its regulations, *see* 28 C.F.R. § 301.204(b), alleging that Greenville's prison administrators should not have denied his application for lost-time wages, and requesting lost-time wages until a light-duty work assignment becomes available at Greenville. The defendants moved to dismiss, arguing that the Act does not create a private right of action, that they had sovereign immunity, and that Cesal did not timely exhaust his administrative remedies. Cesal responded by arguing that the federal common law created a cause of action under the Act and that one of his two administrative appeals was timely.

The district court dismissed the complaint after concluding that Cesal became ineligible for lost-time wages for his Pekin injury when he was transferred to Greenville. It explained that inmates are entitled to lost-time wages for an injury only while they remain at the prison where they suffered that injury. *See* 28 C.F.R. §§ 301.202 to 301.204. Once an inmate, like Cesal, transfers to another prison for reasons unrelated to the injury, the prisoner is no longer entitled to compensatory pay for that injury. 28 C.F.R. § 301.204(a)(2). Cesal moved the court to reconsider, arguing that the defendants did not raise the ground that the court relied on and that he is eligible for lost-time wages so long as he is still in federal prison. The court denied his motion, reiterating its earlier reasoning for dismissing the complaint.

On appeal Cesal argues that he is entitled to ongoing lost-time wages because Greenville has not been able to place him in a job that his work-related injury allows him to perform. He also argues that the district court improperly granted the defendants' motion to dismiss on a ground that the defendants did not raise.

We begin with two procedural observations. First, the district court permissibly evaluated whether Cesal's complaint fails to state a claim, even though the defendants had not raised that specific ground for dismissal. Under 42 U.S.C. § 1997e(c)(1), a district court may sua sponte dismiss for failure to state a claim a prisoner's suit seeking compensation for injuries during imprisonment, as this suit does. *See Jones v. Bock*, 549 U.S. 199, 214 (2007). Second, a prisoner who seeks judicial review of an administrative denial of lost-time wages may proceed only under the Administrative Procedures Act, 5 U.S.C. §§ 701–06. *See Thompson v. United States*, 492 F.2d 1082, 1084 n.5 (5th Cir. 1974). Judicial review under that Act is confined to determining whether the administrative decision to deny lost-time wages was arbitrary and capricious. *Id.*

The district court correctly dismissed Cesal's complaint because, based on his own allegations, the prison administrator's denial of compensation was not arbitrary and capricious. The Inmate Accident Compensation Act provides compensation for inmates injured "in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); *see Demko*, 385 U.S. at 152; *Paschal v. United States*, 302 F.3d 768, 769 (7th Cir. 2002). The regulations that govern the administration of the Act (which Cesal does not challenge) mandate that "the inmate shall receive lost-time wages *until* the inmate . . . [i]s transferred to another institution for reasons unrelated to the work injury." 28 C.F.R. § 301.204(a)(2) (emphasis added). Cesal acknowledges that he was transferred to Greenville for reasons unrelated to the injury, so by virtue of that transfer his eligibility for benefits arising from his Pekin injury has been extinguished. He thus cannot state a claim that the defendants' denial of benefits was arbitrary or capricious.

Accordingly, the district court's dismissal of his complaint is AFFIRMED.