# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3815
_____

Gene Jirak

*Plaintiff - Appellant*

v.

Warden J.A. Terris; Assistant Warden True; CMS Supervisor Wolfe; Safety
Supervisor Kalista; Unit Manager Stoner; Dr. Malatinsky, Clinical Director HSD;
Director Charles Samuels; Attorney General Eric Holder, Department of Justice;
Unit Manager Arturo Aviles, in their individual and professional capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: September 6, 2016
Filed: September 9, 2016
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

Former federal prisoner Gene Jirak brought this pro se action asserting claims
under the Eighth Amendment, the Federal Tort Claims Act (FTCA), and other federal
laws, based on allegations related to his past federal confinement. He appeals after

the district court[1] dismissed his complaint for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA), and denied his motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

We conclude, after careful review, that the dismissal of the complaint was warranted. *See* 28 U.S.C. § 2675(a) (claimant must present claim to appropriate federal agency and have claim denied in writing before filing FTCA complaint); 42 U.S.C. § 1997e(a) (under PLRA, prisoner must exhaust available administrative remedies before bringing federal prison-conditions claim); *see also* 18 U.S.C. § 4126 (establishing fund to compensate federal inmates who have suffered work injuries); *United States v. Demko*, 385 U.S. 149, 151-54 (1966) (§ 4126 is exclusive remedy for federal inmates' work-related injuries, and FTCA actions which seek recovery for such injuries are barred); *King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010) (de novo standard of review). We further conclude that the district court did not abuse its discretion in denying the Rule 59(e) motion, given that the defendants had been granted an extension of time to respond to Jirak's complaint and therefore were not in default. *See* Fed. R. Civ. P. 55(a) (when party against whom judgment or relief is sought fails to plead or otherwise defend, clerk must enter party's default); *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (standard of review for denial of Rule 59(e) motion).

We affirm, but we modify the dismissal to be without prejudice. *See, e.g.*, *Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010) (dismissals for failure to exhaust under § 1997e(a) must be without prejudice).

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.