**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2880
_____

JOSHUA T. HAMPTON,
　　　　　　　　　Appellant

v.

G. JONES; DRICK J. AYERS, Nurse

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00751)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 3, 2022)
_____

OPINION[*]
_____

PER CURIAM

　　Appellant Joshua Hampton, a federal inmate proceeding pro se, appeals an order

of the United States District Court for the Middle District of Pennsylvania granting

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellees' motion to dismiss and for summary judgment and dismissing his FTCA and civil rights action. For the reasons discussed below, we will affirm.

## I.

Between January 2017 and July 2018, Hampton was exposed to potentially hazardous substances while working in the prison woodshop at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). As part of his job, Hampton would spray polyurethane three to five times per month for approximately 20 to 30 minutes at a time. Personal respirators are not required to spray polyurethane so long as the area where the polyurethane is used is properly ventilated. According to defendant Jones, the area where Hampton sprayed was ventilated with fans and open doors.

Hampton was trained and supervised by Jones, who explained to Hampton that polyurethane was a potentially hazardous material. Jones provided Hampton with the option to use a respirator while spraying polyurethane but explained that facial hair can render respirators ineffective by preventing a tight seal to the face. Hampton was unwilling to shave his beard, so Jones did not train him on the use of a respirator.

On July 11, 2018, Hampton saw defendant Ayers, a physician assistant, for a sick call. Hampton complained that he had been waking up short of breath and felt unable to breathe deeply. Hampton informed Ayers that he worked with chemicals at his job and was not sure if he inhaled something he should not have. Ayers examined Hampton and found no respiratory distress, wheezing, or crackles in his lungs. Ayers also tested

Hampton's peak expiratory flow rate ("PERF"), noting he gave only a fair effort during the PERF test. Ayers diagnosed unspecified breathing abnormalities, prescribed an oral steroid, and ordered a chest x-ray, which showed Hampton's lungs to be clear. Ayers noted that if Hampton's symptoms worsened, she would order a sleep study and possible pulmonary function test.

On July 23, 2018, Hampton saw Dr. Andrew Edinger for continued breathing difficulties. Dr. Edinger noted that Hampton's PERF was improved but still diminished, and that Hampton had a soft pleural rub, which is seen in chronic lung disease. Dr. Edinger ordered a pulmonary lung function test with a pulmonologist and restricted Hampton from further chemical exposure until he could determine if Hampton's health issues were related. The pulmonary function test indicated a mildly reduced total lung capacity, which the pulmonologist concluded was likely due to reduced effort on Hampton's part or Hampton's weight. During a follow up visit with Dr. Edinger, Hampton complained of new symptoms, including throat pain. Hampton was ultimately diagnosed with Hashimoto's thyroiditis, which Dr. Edinger did not believe was caused by Hampton's work in the woodshop.

In May 2019, Hampton brought this action pursuant to the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In his third amended complaint, the operative complaint for purposes of this appeal, Hampton alleged that defendants Jones and Ayers acted with

3

deliberate indifference to his exposure to hazardous substances, resulting in damage to his health.

Ayers and Jones filed a motion to dismiss and for summary judgment. The matter was referred to a Magistrate Judge who recommended that the FTCA claims be dismissed for lack of subject matter jurisdiction, and that summary judgment be granted in favor of defendants on Hampton's <u>Bivens</u> claims. The Magistrate Judge asserted that the <u>Bivens</u> claims are not cognizable and/or failed on their merits and, in any event, that defendants were entitled to qualified immunity. Over Hampton's objections, the District Court adopted the Report and Recommendation, dismissed the FTCA claims, and entered judgment in favor of defendants on the <u>Bivens</u> claims. Hampton filed a timely notice of appeal.

**II.**

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions of subject matter jurisdiction. <u>Great W. Mining & Min. Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 163-64 (3d Cir. 2010). We also exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. <u>Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.</u>, 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may affirm on any basis supported by the record. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

4

In his brief, Hampton largely reiterates the allegations made in his complaint, arguing that the actions of the defendants caused his exposure "to extreme amounts of hazardous material that did in fact cause harm" and he is therefore entitled to relief. 3d Cir. ECF No. 5 at 4. Hampton asserts that the District Court failed to consider the sworn declaration of defendant Jones, which Hampton asserts proves deliberate indifference because Jones admitted that polyurethane is a potentially hazardous material and that he did not train Hampton on the use of a respirator. As to defendant Ayers, Hampton asserts that the record establishes that she too failed to protect him from exposure by "sending him back to work where he was again exposed . . . to the extremely hazardous material." Id. at 10.

While Hampton reiterates his claims, he does not challenge or address the legal bases asserted by the District Court in denying those claims, including the District Court's findings regarding subject matter jurisdiction, cognizability under Bivens, and qualified immunity. We therefore deem forfeited any challenge to those rulings. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Even if Hampton had preserved such challenges, we agree with the District Court's decision to dismiss the FTCA claims, and to grant summary judgment in favor of defendants on Hampton's Bivens claims.

5

First, the District Court properly dismissed Hampton's FTCA claims against Jones and Ayers for lack of subject matter jurisdiction. The only proper defendant in an FTCA suit is the United States itself. See 28 U.S.C. § 2671 et seq. However, substituting the United States as the proper party would be futile as Hampton's FTCA claims are precluded by the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126. In the IACA, Congress created a scheme to compensate inmates for injuries sustained in the course of their federal penal employment. By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.101-301.319 (regulating such claims). Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by the IACA. See United States v. Demko, 385 U.S. 149, 151-54 (1966) (holding that prisoners are barred from bringing FTCA claims for work-related injuries, as the IACA is their exclusive remedy). Because Hampton's FTCA claims arise in the context of his workplace employment at USP Lewisburg, they are precluded by the IACA and were properly dismissed.

We also agree with the District Court that Hampton's Eighth Amendment claim of deliberate indifference to exposure to potentially hazardous substances lacks merit.[1] To

---

[1] Because the claim lacks merit, we need not address the District Court's determination that the claim also presents a new Bivens context. See Egbert v. Boule, ___ S. Ct. ___, 2022 WL 2056291 at *5 (June 8, 2022) ("[R]ecognizing a cause of action under Bivens is

state an Eighth Amendment claim, a plaintiff must allege that he was incarcerated under conditions imposing a substantial risk of serious harm, and that the defendant was deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Porter v. Pa. Dep't of Corr., 974 F.3d 431, 441 (3d Cir. 2020). Deliberate indifference requires that a defendant knows of and disregards an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. Prison officials who know of a substantial risk of harm are not liable if they respond reasonably to the risk. Id. at 844.

The District Court properly granted summary judgment in favor of the defendants as the record does not raise a genuine dispute that defendants acted with deliberate indifference to Hampton's health or safety. Rather, the record reflects that Hampton was provided with health and safety training regarding potentially hazardous substances, as well as a ventilated area in which to conduct the spraying, which was sporadic. While Hampton was not specifically trained on the use of a respirator, he was provided with the option to use one and chose not to do so. As the District Court properly concluded, these factors militate against any finding of deliberate indifference.

To the extent Hampton also alleged an Eighth Amendment claim of deliberate indifference to his serious medical needs against defendant Ayers, courts have long recognized a Bivens cause of action in this context. See Carlson v. Green, 446 U.S. 14, 19 (1980). To succeed on an Eighth Amendment claim for inadequate medical care, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately

---

a disfavored activity. When asked to imply a Bivens action, our watchword is caution.")

7

indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (alteration in original) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). Prison officials can "act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). However, "mere disagreement as to the proper medical treatment" is insufficient to support an Eighth Amendment claim. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987).

The District Court properly granted summary judgment in favor of Ayers with respect to this claim because the record does not raise a genuine dispute that she acted with deliberate indifference. Medical records submitted in support of the motion for summary judgment reflect that Ayers thoroughly examined Hampton, prescribed an oral steroid, and ordered a chest x-ray, which showed Hampton's lungs to be clear. Ayers also noted that she would order additional testing should Hampton's symptoms worsen. Hampton's sole complaint is that Ayers didn't take further action to prevent possible future exposure. We agree with the District Court's conclusion that Hampton's complaint, at most, establishes a "mere disagreement as to the proper medical treatment,"

---

(internal quotation marks and citations omitted).

8

which is insufficient to support an Eighth Amendment claim of deliberate indifference.

Monmouth Cnty. Corr. Inst. Inmates, 834 F.2d at 346.[2]

### III.

For these reasons, we will affirm the District Court's grant of the Appellees' motion to dismiss and for summary judgment.

---

[2] As we agree with the District Court's determination that Hampton's claims lack merit, we do not address whether the defendants are also entitled to qualified immunity – a finding which Hampton has not challenged on appeal.